DESMOND v. McCARTHY.

1. **Justice of the peace:** TERM OF OFFICE. The term of office of a justice appointed to fill a vacancy continues only until the next election, when the vacancy can be filled, and until a successor is elected and qualified.

2. **Replevin:** RIGHT TO OFFICE. The right to an office cannot be determined in an action of replevin, or in any action other than a proceeding in the nature of a writ of *quo warranto*, or by information (or possibly by mandamus), as provided by chapter 157 of the Revision of 1860.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 13.

THIS case arises upon an agreed statement, submitted under the provisions of ch. 131 of the Revision. The statement is as follows: The plaintiff, Daniel Desmond, brought a suit in replevin before W. R. Evans, a justice of the peace, to recover possession of the docket and other books, then in the possession of the defendant, Patrick McCarthy, a justice of the peace of Vernon township, in Dubuque county; being such books as a justice is required to deliver to his successor. It is admitted, for the purpose of this decision, that Patrick McCarthy, the defendant, was acting as justice of the peace of said Vernon township for nearly a year, he having been appointed to fill a vacancy occasioned by the resignation of John Madigan, and was so acting when said suit before said Evans was commenced. It is also admitted that said plaintiff, Desmond, was elected to the office of justice, to fill the place of said McCarthy, the defendant, at the October election, 1863, in said Vernon township; and afterward, in the said month of October, was duly qualified to act as such, and was so duly qualified before the commencement of the said suit before said Evans, J. P. The only question upon these facts to which the opinion of the court is asked, is:

1. Has the plaintiff the right in law to the possession of the books aforesaid, being the docket of the said McCarthy, the defendant, and other books, all of which were furnished him by the county?

2. Can the suit in replevin be maintained to put the plaintiff in possession of the books?

The District Court found for the defendant, and the plaintiff appeals.

*Bissell & Shiras* for the appellant.

*Wilson & Mulkern* for the appellee.

Desmond v. McCarthy.

COLE, J.—I. Since it appears that the defendant was appointed to fill a vacancy, and that by the Rev., § 667, such appointment could only be "made to continue until the next election at which the vacancy can be filled, and until a successor is elected and qualified," and that the plaintiff, as such successor, was elected at the next election, and duly qualified, it is reasonably clear that the plaintiff is the justice of the peace *de jure*, and, as such, has the right in law to the possession of the office, and whatever books and papers properly pertain thereto.

*1. JUSTICE OF THE PEACE: term.*

II. The agreed statement shows that the defendant was acting as justice of the peace at the time the suit in replevin, to recover the books, was brought against him, and, of course, he claimed the right thus to act; and this suit is evidently brought to test the right of the respective parties to that office.

The right to an office cannot be determined by an action of replevin, nor by any action other than a proceeding in the nature of a writ of *quo warranto*, or by an information as provided by ch. 151, of the Revision. Mr Blackwell, in his excellent treatise on Tax Titles, says, in writing of officers *de facto*, "the only appropriate mode of testing the title of a person to an office, is by an information in the nature of a writ of *quo warranto*, in which, after notice and an impartial hearing, he will be ousted from the office, if it turn out that he has been exercising official functions without the warrant of law. Until then, he holds the office by the sufferance of the State, and the silence of the government is construed by the courts as a ratification of his acts, which is equivalent to a precedent authority. When the government acquiesces in the acts of such an officer, third persons ought not to be permitted to question them." Blackwell on Tax Titles, 117; see also *Wilcox* v. *Smith*, 5 Wend., 234.

*2. REPLEVIN: right to office.*

Any other doctrine would lead to multiplicity of suits and inextricable confusion. The action of replevin would determine nothing except as between the parties to it, leaving the public still unaffected by the judgment in the particular case, and free to adopt or repudiate it. And if a justice of the peace may thus test his right to that office by an action of replevin, it would, of course, be alike competent for any persons claiming to be a clerk of a District Court, a county judge, a mayor of a city or any other officer, by a replevin of the seal and books and papers pertaining to the office, to put themselves in full possession of the respective offices without any authority from the people, or any judgment of a court in an action wherein the State is a party directly or indirectly.

It is clear, therefore, upon principle as well as authority, that the right or title to an office cannot be determined by a civil action between the respective claimants. Such an issue can only be tried in the proper action in the nature of a writ of *quo warranto*, or by an information, or possibly by mandamus. And until such issue is determined in the proper action, no suit in replevin can be maintained by one claimant against the other, for the possession of the office or its appurtenances, and, generally, complete relief will be afforded in the proper action. The judgment is

Affirmed.