(January 27, 1917.)

HENRY C. CLARK, Plaintiff, v. FRED C. WONNACOTT, Defendant.

[162 Pac. 1074.]

STATUTORY CONSTRUCTION—PUBLIC OFFICER—TERM OF OFFICE—VACANCY —HOLDING OVER — DEATH OF ONE ELECTED TO OFFICE BEFORE QUALIFICATION.

1. Sec. 6 of art. 18 of the constitution, prescribing that the legislature shall provide for the election biennially, in each of the several counties of the state, of a county assessor, merely provides for the biennial election of such officer, leaving it to the legislature to prescribe when such election shall be held and when the term of office shall commence and end.

2. Sec. 32a, Rev. Codes, providing that every officer elected for a fixed term shall hold office until his successor is elected and qualified is not in conflict with sec. 6, art. 18, of the constitution, providing for the biennial election of a county assessor.

3. Under sec. 32a, Rev. Codes, an incumbent of a public office is entitled to hold such office until his successor is not only duly elected, but also until he has legally qualified for such office.

4. The death of a person elected to an office before he qualifies therefor does not create a vacancy within the purview of sec. 317, Rev. Codes, since sec. 32a, Rev. Codes, provides that every officer elected for a fixed term shall hold office until his successor is elected and qualified.

5. Under the provisions of secs. 32a and 317, Rev. Codes, a vacancy in a public office exists only in the event that there is no person lawfully authorized to exercise the duties of such office.

6. Under the law of this state the person elected to an office does not become the incumbent of such office until he actually qualifies.

7. *Held,* under the facts of this case no vacancy existed in the

office of county assessor of Kootenai county on the second Monday of January, 1917, which the board of county commissioners of said county were authorized to fill by the appointment of plaintiff.

[As to right of incumbent of public office to retain office where successor elected or appointed is ineligible, see note in **Ann. Cas.** 1913B, 677.]

APPLICATION for writ of mandate.    Denied.

C. H. Potts and Bert A. Reed, for Plaintiff.

Sec. 317, Rev. Codes, with only slight differences in phraseology, was contained in the Revised Statutes of 1887.    The original enactment is an exact counterpart of the California statute on this subject, and prior to its adoption was construed by the supreme court of California in *People v. Taylor,* 57 Cal. 620; *Adams v. Doyle,* 139 Cal. 678, 73 Pac. 582; *People v. Nye,* 9 Cal. App. 148, 98 Pac. 241; *Campbell v. Board of Supervisors,* 7 Cal. App. 155, 93 Pac. 1061.

A vacancy existed under the general provisions of law and public policy.    (*State v. Hopkins,* 10 Ohio St. 509; *State v. Dahl,* 55 Ohio St. 195, 45 N. E. 56; *People v. Marsh,* 30 Cal. App. 424, 159 Pac. 191.)

"A vacancy in an elective office to be filled by appointment occurs by the death of the officer-elect before the beginning of his term."    (*In re Supreme Court Vacancy,* 4 S. D. 532, 57 N. W. 495.)

"If a person elected to a county office is not qualified to hold and enter into the same at the time fixed by law therefor, the office is vacant and may be filled by appointment."    (*People v. Curtis,* 1 Ida. 753; *Maddox v. York,* 21 Tex. Civ. App. 622, 54 S. W. 24; *Olmstead v. Augustus,* 112 Ky. 365, 65 S. W. 817.)

McFarland & McFarland and Fred D. Crane, for Defendant.

"A vacancy in the office is not deemed to occur as the result of the death of one elected to office before the beginning of the new term, where the deceased has not qualified and where the term of the incumbent is until his successor has qualified."

(29 Cyc. 1401; *State v. Benedict,* 15 Minn. 198; *State v. Dahl,* 55 Ohio St. 195, 45 N. E. 56; *People v. Tilton,* 37 Cal. 614; *People v. Rodgers,* 118 Cal. 393, 46 Pac. 740, 50 Pac. 668; *State v. Elliott,* 13 Utah, 471, 45 Pac. 346; *People v. Edwards,* 93 Cal. 153, 28 Pac. 831.)

"The right of an officer to hold office until his successor is elected and qualified is as much a part of his estate in the office as the original term for which he was elected." (*People v. Green,* 1 Ida. 235.)

In the case at bar there is no vacancy because, on the death of W. B. McFarland, there was a person lawfully authorized to assume and exercise, at that time, the duties of the office, namely, Wonnacott, the then incumbent. (*State v. Metcalfe,* 80 Ohio St. 244, 88 N. E. 738.)

There can be no appointment unless there is a vacancy. (*State v. Malone,* 131 Tenn. 149, 174 S. W. 257; *State v. Osborne,* 14 Ariz. 185, 125 Pac. 884, 891; *People v. Whitman,* 10 Cal. 38; *State v. Harrison,* 113 Ind. 434, 3 Am. St. 663, 16 N. E. 384.)

T. A. Walters, Atty. Genl., and A. C. Hindman and J. Ward Arney, Assts., as *Amici Curiae.*

The North Dakota court has construed constitutional and statutory provisions of that state similar to those found in sec. 6, of art. 18, of our constitution, and sec. 32a, Rev. Codes, holding that the incumbent continued in office until his successor was elected and qualified. (*Jenness v. Clark,* 21 N. D. 150, Ann. Cas. 1913B, 675, 129 N. W. 357.)

The occurrence of a vacancy depends upon something happening to the "incumbent." (*Ballantyne v. Bower,* 17 Wyo. 356, 17 Ann. Cas. 82, 99 Pac. 869.)

BUDGE, C. J.—This is an original proceeding to procure the issuance of a peremptory writ of mandate, requiring the defendant to admit the plaintiff to the use and enjoyment of the office of assessor of Kootenai county and to deliver over to his possession all the records, books and papers belonging to the office of the county assessor of said county.

The facts in this case are stipulated by counsel for the respective parties and, omitting the formal parts, are as follows:

1. "That at the general election held in the County of Kootenai, State of Idaho, on the 5th day of November, A. D., 1914, the defendant was duly elected county assessor of, in and for the county of Kootenai, State of Idaho, that thereafter at the time required by law, to wit: on the second Monday of January, 1915, he made and filed his official oath and gave the bond required by law and duly qualified to enter upon and did enter upon the duties of his said office, and that since said time he has continued to perform the duties of said office."

2. "That at the general election held in said Kootenai County, Idaho, on the 7th day of November, A. D. 1916, one William B. McFarland was duly elected to the office of county assessor of said Kootenai County for the term of two years, commencing on the second Monday of January, 1917; that after the election of said William B. McFarland, as aforesaid, and prior to the second Monday of January, 1917, to-wit: on the 25th day of November, A. D. 1916, the said William B. McFarland died; that at the time of his death he had not qualified as such Assessor of Kootenai County, State of Idaho, and had not made or filed his official oath or given the bond required by law."

3. ". . . . On the 8th day of January, 1917, at a regular meeting of the Board of County Commissioners of Kootenai County, State of Idaho, the said Board of County Commissioners made and entered an order declaring that the office of county assessor of said county was vacant because of the death of said William B. McFarland; . . . . that thereupon the said Board of County Commissioners appointed the plaintiff county assessor of Kootenai County, for the term commencing on the second Monday of January, 1917; that said appointment was made in writing and filed with the County Auditor of said county."

4. "That the plaintiff . . . . on the 8th day of January, 1917, duly executed and filed his official oath as such assessor,

and gave the bond required by law, which bond was duly approved by the said Board of County Commissioners and filed; that the plaintiff thereupon demanded the possession of said office of county assessor from the defendant, together with the records, books and papers thereof, and the defendant refused to surrender possession of the said office of assessor, or any of the records, books or papers of said office.''

The question therefore involved is, did a vacancy exist in the office of assessor of Kootenai county, on the second Monday of January, A. D. 1917? We do not think it necessary to enter upon a discussion of the conflicting decisions in arriving at a determination of this question; it will be conceded that the authorities are not uniform. A correct solution of this question depends upon a proper construction of the provisions of our constitution and statutes.

Sec. 6, art. 18, of the constitution provides, *inter alia;*

''The legislature . . . . shall provide for the election biennially in each of the several counties of the state, . . . . a county assessor, . . . . ''

Sec. 32a, Rev. Codes, provides:

''Every officer elected . . . . for a fixed term shall hold office until his successor is elected . . . . and qualified, . . . . ''

The constitutional provision above cited provides for the election in the several counties of the state of a county assessor each biennium, while the statutory provision provides that every officer elected for a fixed term shall hold office until his successor is elected and qualified. Are these two provisions in conflict, and the statutory provision accordingly unconstitutional and void? We think not.

The constitution of North Dakota contains a provision similar to the one we now have under consideration, and is as follows:

Sec. 150. ''A superintendent of schools for each county shall be elected every two years, . . . . ''

Sec. 764, Rev. Codes, of the latter state is also very similar to the Idaho statute above quoted, and is as follows:

"There shall be elected in each organized county, . . . . a county superintendent of schools, whose term of office shall be two years, commencing on the first Monday in January following his election, and until his successor is elected and qualified."

The supreme court, in discussing the question of whether the statutory provision above quoted was in conflict with the constitutional provision, for the reason that the latter provision provided for the election of certain officers at each biennial election, and the statute provided that the officer elected should hold his office until his successor is elected and qualified, and as in the instant case it was contended that since under the constitution the county assessor must be elected at each biennial election, therefore the duration of the term is definitely fixed by the constitution and his term of office would expire at the expiration of the two years; and that the statute, which provided that he should hold his office until his successor was elected and qualified, was in conflict with the constitution and therefore void, in the case of *Jenness v. Clark,* 21 N. D. 150, Ann. Cas. 1913B, 675, 129 N. W. 357, says:

"We do not construe sec. 150 as evidencing any intent on the part of the framers of the constitution to do more than merely provide for the biennial election of such officer, leaving it to the legislature to provide when such election shall be held and when the term shall commence and end. There is nothing therein contained from which it can be legitimately argued that it was the intention to deprive the legislature of the power to provide against vacancies in such office."

In support of this decision the court cites the case of *State v. Fabrick,* 16 N. D. 94, 112 N. W. 74, where, in discussing sec. 764, Rev. Codes, 1905 [sec. 638, Rev. Codes, 1899], the court says:

"Under this provision of the statute it appears clear that it provides, not simply for a term of two years, but for two years and any additional time which may elapse before a successor is elected and qualified. The duly elected and qualified superintendent, after the expiration of the two years from his entering upon the duties of the office, unless a suc-

cessor was duly elected and qualified, was entitled to occupy the office and perform its duties with precisely the same force and effect as though he himself had received the new certificate of election and qualified anew. That this is the law is well established by a vast number of authorities. Under a statute like ours, holding over pending the election and qualification of a successor is as much a part of the term of office to which the superintendent is elected as are the first two years, where he continues in office. [Citing numerous cases.] Unquestionably this statute was enacted with a view to preventing the office of superintendent of schools from becoming vacant during any part of the time, and unquestionably it means just what it says—in effect that one, once lawfully elected and qualified, continues to hold the office until his successor is elected and qualified.''

We have therefore reached the conclusion that sec. 32a, Rev. Codes, is not in conflict with sec. 6, art. 18, of the constitution, and, therefore, not unconstitutional and void. The constitution merely provides for the biennial election of county officers, and it is left entirely to the legislature to provide the time of holding such elections and when the term shall commence and end, and unless there was a vacancy in the office of county assessor, under the provisions of sec. 317, Rev. Codes, or unless a proper construction of sec. 32a, Rev. Codes, provides for the appointment, there can be no question of the right of the defendant in this action to continue to hold the office of county assessor of Kootenai county, until his successor is elected and qualified.

How should the phrase ''or appointed'' as it appears in sec. 32a, Rev. Codes, be construed? There can be no appointment unless there is a vacancy; there can be no vacancy where there is an incumbent. A vacancy exists where there is no person lawfully authorized to assume and exercise at present the duties of the office. The constitution provides for the election biennially of these officers, and the legislature fixes their terms—that is to say, the legislature fixes the time when their terms begin and end and when a vacancy occurs. It necessarily follows that if an officer under the law is entitled

to hold his office until his successor is elected and qualified, that the election of the officer does not create a vacancy, but it requires his election and qualification coupled with the expiration of his predecessor's term to create a vacancy. Clearly, there must be a vacancy under the provisions of sec. 317, Rev. Codes, before the office can be filled by appointment; in other words, had Mr. McFarland qualified before his death and after the expiration of his predecessor's term, his death then would have created a vacancy within the meaning of this section.

Counsel for plaintiff contends that there was a vacancy in the said office on the second Monday of January, 1917, for two reasons: First, under the express provisions of sec. 317, Rev. Codes, which in part is as follows:

"Every civil office shall be vacant upon the happening of either of the following events at any time before the expiration of the term of such office, as follows:

"6. A failure to elect at the proper election, there being no incumbent to continue in office until his successor is elected and qualified, nor other provision relating thereto."

Second, under the general provisions of law and public policy. We will dispose of these propositions in the order in which they are stated.

In the instant case it is admitted that there was not a failure to elect a successor to the defendant at the proper election; it must also be conceded that there was an incumbent to continue in office until his successor was elected and qualified. Had Mr. McFarland lived and failed to qualify, there would have been no vacancy, under our statutes, because there was an incumbent to continue in the office, whose right it was to hold the office until his successor was, not only duly elected, but also qualified. And since Mr. McFarland departed this life before he had qualified and before the expiration of his predecessor's term, by no process of reasoning is it possible to consider him an incumbent of the office after his death. And in this there is a distinction between the statutes of California and this state. Sec. 996, Kerr's Pol. Code of Cali-

fornia, providing for vacancies and how they may occur, is in part as follows:

"An office becomes vacant on the happening of either of the following events before the expiration of the term:

"9. His refusal or neglect to file his official oath or bond within the time prescribed."

A provision similar to subd. 9 of the California code above quoted was in force in this state, sec. 431, subd. 9, Revised Statutes, 1887, but was repealed by the Sess. Laws 1899, p. 67. Under our present statute, providing for vacancies in office and how they may occur, it is not necessary, in order to avoid a vacancy in office, that the person elected to the office qualify upon the day fixed for the commencement of the term of his office, but he may qualify at any time during the term for which he was elected. While under the code and the decisions of the supreme court of California one duly elected to an office is the incumbent whether he qualifies or not, but unless he qualifies upon the day fixed by law for the commencement of his term a vacancy will be incurred. In the case of *People v. Taylor,* 57 Cal. 620, the court says:

" . . . . this provision of the code [Pol. Code, sec. 996] regards the person duly elected to an office as the incumbent of that office from the time of the commencement of the term for which he was elected until the expiration thereof, whether he qualifies or not."

In other words, the person duly elected to an office becomes the incumbent of that office from the time of the commencement of the term. While under our statutes the person elected to an office does not become the incumbent of the office until he qualifies. To the same effect as *People v. Taylor, supra,* are the cases of *Adams v. Doyle,* 139 Cal. 678, 73 Pac. 582; *People v. Nye,* 9 Cal. App. 148, 98 Pac. 241. Therefore, the cases from California, cited by counsel, being under a statute not in our code, have no application to the case at bar.

In the case of *People v. Green,* 1 Ida. 235, it appears that Green was elected in 1865 to the office of county treasurer; one Glidden claimed to have been elected to the same office in

1867. The latter was asking possession of the office, asserting that Green held it without any legal right, warrant or authority whatever. During the proceedings one Logan was permitted by the trial court to intervene, and in his petition alleged that he was elected to said office in 1866. Glidden dismissed his action, and upon appeal to this court the question of the right to hold the office of county treasurer was contested by Green and Logan. The court, after deciding that Logan could not intervene, proceeded to discuss his petition, and said:

"But admitting the right of Logan to intervene, does his petition in intervention show a cause of action? Green, it is alleged, wrongfully withholds the office since January, 1867, but the petition directly avers that the intervener has failed to qualify, although claiming by an election in 1866, to hold the office for two years from January, 1867. Now, section 107, page 499, Laws of Idaho, First Session, says: 'The county treasurer shall hold his office for the term of two years, and until his successor is chosen and qualified.' The right to hold until his successor is elected and qualified is as much a part of the estate in the office as the original term of two years. [Citing cases.] Now, before Logan can show his right to the office, admitting his claim to be valid, he must procure the ouster of Green; before Green can be ousted, it must be shown that he wrongfully holds; to show this it must be proved not only that his successor has been elected, but that he has duly qualified—not only that [he] is entitled to the office, but that he is qualified to enter into the possession the moment of the defendant's ouster therefrom. The intervenor does not show himself in that condition, and the petition is in this respect fatally defective."

This decision was rendered before the amendment of the 1887 statutes by the Session Laws of 1899, and we do not think that it supports plaintiff's theory of the case.

In *People v. Curtis*, 1 Ida. 753, upon which case the plaintiff relies, the facts, in so far as the case at bar is concerned, are substantially as follows: The defendant was probate judge-elect of Ada county, but was held to be unqualified to hold the

office because he had been a member of the preceding legislature, which had increased the salary of the probate judge of Ada county; the court said:

"If, therefore, the defendant was not qualified to enter upon the duties of the office of probate judge of said county, on the first Monday of January, 1879, the said office would become vacant, and the vacancy might be filled in accordance with the provisions of section 45 of the last-mentioned act, and the office to be again filled at the next general election as provided by law."

It will be seen that the vacancy was occasioned in the latter case by reason of the fact that Curtis was ineligible, and, therefore, could not legally qualify within the time prescribed by law. Since, however, the provision of the statute, creating a vacancy upon failure to qualify within the time prescribed, has been repealed, this case has no application to the one under discussion.

We find no merit in counsel's second proposition.

We have therefore concluded that no vacancy existed in the office of county assessor of Kootenai county on the second Monday of January, 1917, which the board of county commissioners were authorized to fill by appointment of the plaintiff. (*Kimberlin v. State,* 130 Ind. 120, 30 Am. St. 208, 29 N. E. 773, 14 L. R. A. 858; *Commonwealth v. Hanley,* 9 Pa. 513; *State v. Benedict,* 15 Minn. 198; *State v. Metcalfe,* 80 Ohio St. 244, 88 N. E. 738; *Ballantyne v. Bower,* 17 Wyo. 356, 17 Ann. Cas. 82, and cases cited in note, pp. 86, 87, 99 Pac. 869; *State v. Elliott,* 13 Utah, 471, Ann. Cas. 1913B, 677, note, and cases cited therein, 45 Pac. 346.) From the foregoing authorities, which in our opinion support defendant's contention, it is evident that the defendant, Fred E. Wonnacott, is entitled to hold the said office of county assessor until his successor is duly elected and qualified according to law; and that the appointment of plaintiff was ineffectual and void. Peremptory writ denied. Costs awarded to defendant.

Morgan and Rice, JJ., concur.