16519

JENNINGS v. GREEN *ET AL.*
(65 S. E. (2d) 878)

472

*Messrs. J. Z. McKown,* of Gaffney, and *E. W. Johnson,* of Spartanburg, *for Petitioner,*

*Messrs. Roy S. Cobb* and *Wade S. Weatherford,* of Gaffney, and *Holcombe & Bomar,* of Spartanburg, *for Respondent, C. C. Green,*

July 3, 1951.

OXNER, Justice.

This is a summary proceeding in the original jurisdiction of this Court to determine whether petitioner, C. W. Jen-

nings, is entitled to the possession of the books, papers, documents and other records pertaining to the office of the Clerk of the County Board of Commissioners for Cherokee County. Respondent Green, claiming that he is the lawful clerk, has refused to surrender said records. The controversy here is solely between these parties. J. I. McCulloch, as Treasurer of Cherokee County, although made a party respondent, has no personal interest in the result of this litigation. No affirmative relief is sought against him. Accordingly, C. C. Green will be hereinafter referred to as though he were the only party respondent.

We assumed original jurisdiction due to the public interest involved. The matter was heard at the June term of this Court on the petition and return, together with various exhibits attached thereto, which disclose the following facts:

For a long number of years respondent has been clerk of the county board of commissioners for Cherokee County. He held this position under the terms of Section 4082 of the 1942 Code which empowers said board to elect a clerk, who is required to keep the records and books. Respondent alleges in his return that on March 6, 1951, he was reelected by said board for a term of two years commencing March 31, 1951. This is apparently denied by petitioner.

Under the terms of Act No. 53 of the 1951 Acts of the General Assembly, approved on March 7, 1951, Section 4082 of the Code was repealed and the following substituted in lieu thereof: "There shall be a clerk to the county board of commissioners who shall be appointed by the Governor upon the recommendation of a majority of the legislative delegation from the county including the Senator. The regular term of office shall be for a period of one year and until his successor has been duly appointed and qualifies. The initial term, however, under this act shall expire on December 31, 1951. Any vacancy occurring in this office shall be filled for the unexpired term in the same manner provided for the regular term. The clerk to the county board of com-

missioners shall perform such duties as are ordinarily imposed on clerks to county board of commissioners under the general law of the state."

The Act further provided: "The present clerk to the County Board of Commissioners of Cherokee County shall continue to serve as clerk to the board under the provisions of law relative to his duties and appointment until, but not later than, March 31, 1951, when his term shall expire and be at an end."

On April 2, 1951, pursuant to the provisions of said Act, the Governor, on recommendation of the legislative delegation of Cherokee County, or a majority thereof, appointed and duly commissioned petitioner as clerk of said board. On the following day petitioner exhibited his commission to respondent and demanded possession of the office. Respondent declined to relinquish same, claiming that he was entitled to hold said office until April 1, 1953, or the expiration of the term for which he alleges that he had been elected.

Under the terms of the 1951 Cherokee County supply act, approved on April 27, 1951, all warrants drawn on the county treasurer for services rendered or supplies furnished on or subsequent to April 1, 1951, were required to be countersigned by the clerk of the county board of commissioners appointed under the provisions of the act heretofore mentioned. Since both petitioner and respondent claimed title to the office, the county treasurer, pending a final decision of the controversy, declined to honor any warrants unless countersigned by both contestants. Petitioner would not accede to this arrangement and, consequently, all claims accruing against the county since April 1, 1951, have remained unpaid.

On May 12, 1951, respondent instituted an action in the Court of Common Pleas for Cherokee County for the purpose of having the title to the office decided and requiring the payment of his April salary. That proceeding is now pending.

On May 15, 1951, the Chief Justice of this Court, on a verified petition, issued an order requiring respondent to show cause why he should not surrender to the petitioner the office in controversy and all books, papers and other records pertaining thereto. A return was duly filed by respondent in which he asserted that Act No. 53, under which petitioner was appointed, was unconstitutional upon the grounds (1) that it impaired the obligation of the contract which he claims that he had with Cherokee County to serve as clerk until April 1, 1953, and (2) that said act was special legislation of the sort prohibited by Article 3, Section 34, Subdivision 9 of the Constitution. He, accordingly, claimed that petitioner had no right to possession of the office and that he was entitled to serve the term for which he had been elected.

This is not an action to try title to office. In a proceeding of this nature, brought under Section 837 of the 1942 Code, we do not pass upon the merits of the respective claims. Our sole inquiry is whether petitioner has shown *prima facie* title to the office. *Ex parte* Whipper, 32 S. C. 5, 10 S. E. 579; *Verner v. Seibels,* 60 S. C. 572, 39 S. E. 274; *Carrison v. Young,* 125 S. C. 42, 118 S. E. 32; *Burnett v. Langston,* 164 S. C. 99, 162 S. E. 72, 73; *Bruner v. Smith,* 188 S. C. 75, 198 S. E. 184. In *Burnett v. Langston, supra,* the Court quoted with approval the following: "A *prima facie* right or title on the part of the relator to the office is all that is necessary, or in fact involved, in mandamus proceedings to compel the surrender of the insignia, etc., of the office. This is so for the reason that a *prima facie* title to a public office confers a right to exercise its functions, and a right to the possession of the insignia and property thereof, and upon such *prima facie* title the court will compel the delivery of the insignia and property, in order that the functions and duties of the office may be exercised."

We think petitioner has clearly shown that he has ■ *prima facie* right to the possession of the office quarters provided for the use of the clerk and the books and records pertaining thereto. He has been appointed and commissioned by the Governor under the authority of an act which is presumptively valid. This act also expressly provides that the term of respondent should expire not later than March 31, 1951. After petitioner was commissioned and qualified, it became the duty of respondent to surrender the books and papers of the office and, if so advised, to resort to an appropriate civil action to test the title. This conclusion is fully sustained by the decisions heretofore mentioned. In *Burnett v. Langston, supra,* the Court quoted with approval the following from 38 S. C. J. 709: "A person holding a certificate of election or a commission from an officer or tribunal authorized to issue the same, and who qualifies and properly demands possession, has the *prima facie* right of possession as against a recalcitrant incumbent who holds over after his term expires." See also 55 C. J. S., Mandamus, § 202.

The argument is made that the relief sought by petitioner is addressed to the sound discretion of the Court and under all the circumstances should be denied. Without undertaking to determine to what extent the matter is discretionary, no good reason appears why we should not give recognition to the *prima facie* title shown by petitioner. There are no considerations which would justify us in denying the relief sought. Of course, nothing said herein should be construed as determining the merits of the question of the title to the office or precluding respondent from having that question adjudicated in the action now pending in the Court of Common Pleas for Cherokee County, or some other appropriate proceeding.

For the foregoing reasons, the relief sought by the petitioner is granted and it is ordered that respondent C. C. Green immediately vacate the office quarters provided for

the clerk of the board of county commissioners and surrender possession to the petitioner of all the books, papers and records pertaining to said office.

BAKER C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.