397 P.2d 756

William W. WHITE, Plaintiff,

v.

Merlin S. YOUNG, Judge of the District
Court of the Third Judicial District for
the State of Idaho in and for the County
of Boise, Defendant.

No. 9611.

Supreme Court of Idaho.

Dec. 23, 1964.

Elam, Burke, Jeppesen & Evans, Boise, for plaintiff.

Ariel L. Crowley, Idaho City, for defendant.

SMITH, Justice.

This proceeding presents the issue whether plaintiff William W. White or Ariel L. Crowley is the probate judge of Boise County for the period from the date of the general election, November 3, 1964, to the second Monday of January 1965.

The proceeding in effect is both for review (certiorari) and for writ of mandate. In form it is for a writ of mandate to compel defendant, district judge, to vacate an order issued by him directing William W. White to surrender the books and papers of the office of probate judge of Boise County, Idaho, to Ariel L. Crowley, and a subsequent order placing those records in the custody of the county recorder of said county.

Plaintiff ever since June 17, 1963, has served continuously in the official capacity as probate judge of Boise County, by virtue of his appointment by the board of county commissioners of that county, to fill a vacancy in that office created by the resignation of the then duly elected and qualified probate judge. That appointment is evidenced by the minutes of the board of county commissioners.

Mr. Crowley was duly elected to that office at the general election held November 3, 1964, as shown by the canvass of the votes had on November 9, 1964. Upon receipt of certificate of election he took and filed the oath of office; also furnished and filed the requisite bond, and claimed that he was entitled to the records pertaining to the office, which Mr. White refused to surrender. On November 12, 1964, Mr. Crowley, as plaintiff, commenced an action in the district court to compel delivery to him, as the alleged incumbent, of the records of said office. I.C. § 59–1002. The district judge, after hearing the cause, determined that Mr. Crowley was entitled to the records of said office and ordered Mr. White to surrender the same forthwith. On the same date of the order, Mr. White, as the defendant, filed a notice of appeal, but as appeared from the oral argument, the court denied supersedeas to White in stay of the order pending appeal; and while the court stayed such order for ten days, it ordered the probate court records to be turned over to the custody and possession of the county recorder of Boise County.

The issue of the title to the office of probate judge was not raised in that action, and no determination was made whether Mr. White or Mr. Crowley was the probate judge of the county for the balance of the term from the time of the November 1964 election to the second Monday of January, 1965. Suffice it to say that since it was determined that Mr. Crowley was entitled to the records of the probate court, it logically follows that such ruling was grounded upon Mr. Crowley's incumbency of that office.

November 23, 1964, Mr. White petitioned this Court to assume original jurisdiction for the issuance of a writ of mandate directing defendant district judge to order the return of the records of said probate court to White, and to show cause why the writ should not be made permanent. An al-

ternative writ issued, to which defendant made return.

Defendant argued that Crowley was entitled to the records of that office, having been elected at the November 1964 general election, to fill the balance of the term of probate judge from the date of the general election to the second Monday of January, 1965, as well as thereafter to occupy that office for the ensuing two-year term.

Defendant contends that this Court lacks jurisdiction to rule upon the issues herein presented, urging several defenses, inter alia, that mandate may be sought only to compel the performance of a ministerial duty, and not a judicial duty as herein appears to be sought; that the determination in the district court was of both law and fact, and that, therefore, plaintiff's remedy is by appeal rather than by mandate to compel defendant judge to act; that this Court should not readjudicate the controversy, brought under the provisions of I.C. § 59–1002, inasmuch as the district court has adjudicated it; and that error, if committed, can be corrected only by appeal; that the district court action, in effect, determined that Crowley was entitled to the office of probate judge by determining that he was entitled to the records of the office, and that any redetermination of that issue in the present proceeding would constitute a collateral attack upon the judgment of the district judge, whereas the interested parties are Mr. White and Mr. Crowley, and that plaintiff's petition for writ of mandate has "failed to state facts sufficient to justify the writ of mandate."

Plaintiff's pleadings, being his verified petition and supporting affidavit, in effect allege that the order of defendant judge unlawfully deprives plaintiff, as probate judge, of the records, files and documents of the probate court of Boise County, being the court over which he lawfully presides, and that plaintiff has been unlawfully deprived of the right to carry out the duties of the office of probate judge. The context of plaintiff's pleadings is to the effect that defendant district judge and the district court, in entering the order, acted in excess of, and beyond the jurisdiction of, said court. Plaintiff additionally seeks an order of this Court restoring him to possession of the office and its records.

Appellant's pleadings being verified and supported by affidavit conform to the requirements of both an application for writ of review I.C. § 7–203, and writ of mandate I.C. §§ 7–302 and 7–303.

I.C. § 7–202, relating to the granting of the writ of review, reads:

"A writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and

there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

I.C. § 7–302, concerning the issuance of the writ of mandate, reads:

"It [writ of mandate] may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and the enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

■ In further answer to defendant's contention that this Court has no jurisdiction over the subject matter and the issues involved in this proceeding, attention is directed to Idaho Const., Art. 5, § 9 which in part reads:

"* * * The Supreme Court shall also have original jurisdiction to issue writs of mandate, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction."

Boughton v. Price, 70 Idaho 243, 215 P.2d 286 (1950), was an original mandamus proceeding commenced in the Supreme Court wherein it was urged that the Court had no jurisdiction to entertain the proceeding. In answering that contention this Court stated:

"In determining our jurisdiction to hear and determine this case, we are not concerned with whether the petition states a good cause of action, with whether the plaintiff is entitled to the relief prayed for, or with whether we have power to render a declaratory judgment in a mandamus proceeding, or at all. We are only concerned with whether the action belongs to that class of cases of which we have original jurisdiction."

In further support of such position the Court, in Boughton v. Price, quoted from 15 C.J., Courts, pp. 734–735, § 35:

" 'Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and, as used in the constitutions and statutes, the word "jurisdiction" means jurisdiction as to subject matter only, unless an exception arises by reason of its employment in a broader sense. Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent

upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered.' "

See also 21 C.J.S. Courts § 35 b.; Richardson v. Ruddy, 15 Idaho 488, 98 P. 842 (1908); Wayne v. Alspach, 20 Idaho 144, 116 P. 1033 (1911); Sizemore v. Board of Com'rs, 36 Idaho 184, 210 P. 137 (1922); Rich v. Williams, 81 Idaho 311, 341 P.2d 432 (1959).

■ The proceeding at bar presents a matter of public importance involving as it does the right of incumbency to the office of probate judge and the records, files and documents of the probate court of Boise County.

I.C. § 59–1002, under which the district court action was brought, provides:

"If any person, whether a former incumbent or another person, refuse or neglect to *deliver to the actual incumbent* any such books or papers, such actual incumbent may apply by petition to any court of record sitting in the county where the person so refusing or neglecting resides, or to any judge of the district or probate court residing therein, and the court or officer applied to must proceed in a summary way, after notice to the adverse party, to hear the allegation and proofs of the parties, and to order any such books or papers to be delivered to the petitioner." (Emphasis supplied.)

Such section of the statute affords a remedy *to an actual incumbent* of the office for the purpose of obtaining the records of the office. It is not designed nor intended for the purpose of trying title to the office. Desmond v. McCarthy, 17 Iowa 525 (1864); Becraft v. Strobel, 158 Misc. 844, 287 N.Y.S. 22 (1936), affirmed 274 N.Y. 577, 10 N.E.2d 560; Jennings v. Green, 219 S.C. 471, 65 S.E.2d 878 (1951); So.Cal.L. Rev., Vol. IX, Number 3, De Facto Public Officers, pp. 216–217 (March 1936); 67 C.J.S. Officers § 77.

■ In defense of the order requiring Mr. White to turn over the records of the probate court of Boise County to Mr. Crowley, defendant district judge in effect advances the proposition that Mr. Crowley was elected for two separate terms, i. e., (1), a term commencing on November 3, 1964, or in any event on November 9, 1964, when the votes were canvassed, and ending the second Monday of January, 1965, in relation to which the present controversy has arisen; (2), the term commencing the second Monday of January, 1965, and ending the second Monday of January, 1967, concerning which no controversy exists.

Defendant substantiates his position as to Mr. Crowley's election for the balance of the term on the reasoning that Mr.

White's entitlement to fill the vacancy created by the resignation on June 17, 1963, of the duly elected probate judge, could be effective only until his successor was elected and qualified at the ensuing general election held November 3, 1964, and that Mr. Crowley, having been then elected, was entitled to the office immediately. In support of his position defendant refers to I.C. §§ 59–906, 59–913 and 59–914.

I.C. § 59–906 reads:

"County and probate officers—Vacancies how filled.—All vacancies in any county or precinct office of any of the several counties of the state, except that of the county commissioners (who shall be appointed by the governor), shall be filled by appointment by the county commissioners of the county in which the vacancy occurs until the next general election, when such vacancy shall be filled by election."

I.C. § 59–913 reads:

"Appointments to be in writing.— Appointments under the provisions of this chapter shall be in writing, and continue until the next election, at which the vacancy shall be filled, and until a successor is elected and qualified, and be filed with the secretary of state, or proper county auditor, respectively."

I.C. § 59–914 reads:

"Tenure of appointee.—Any of the said officers that may be elected or appointed to fill vacancies may qualify and enter upon the discharge of the duties of their offices immediately thereafter; and, if elected, they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified; but if appointed they shall hold the same only until their successors are elected and qualified."

All the quoted sections of the statute use the word "vacancy," or "vacancies", or words "all vacancies", referring to vacancies in county offices. The pertinent section of the statutes when considered in pari materia show a legislative intent to provide for the filling of vacancies in offices, of both two-year and four-year tenures, and that the statutory provisions for filling vacancies by election are applicable only to vacancies in offices having the terms of the longer tenure. In the case of an appointee who fills a vacancy in an office having a two-year term, there is no intervening general election at which the appointee's successor can be elected for the balance of an unexpired term. Such a situation is unlike that of Winter v. Davis, 65 Idaho 696, 152 P.2d 249 (1941), where a general election intervened halfway during a four-year term of the office of clerk of the district court. The case at bar has to do with a county office having a tenure of only two years, and the general election

was held for the purpose of electing a county officer to fill that office for the ensuing two-year term.

██ Mr. White, as the appointed probate judge of Boise County, is the present incumbent in office; there was no vacancy in that office at the time of the November 3, 1964 general election, and no election to fill a vacancy in that office was either contemplated by statute or actually held for that purpose.

In Winter v. Davis, supra, relied upon by defendant judge, one Raybould at the November 1942 election, was elected to the office of clerk of the district court of Madison County for the ensuing term of four years. Raybould having failed to qualify as such official, defendant Davis, on January 11, 1943, was appointed to such office by the board of county commissioners. Subsequently at the June 1944 primary election plaintiff Winter was nominated as the write in republican candidate and defendant Davis as the write in democratic candidate, for such office. Davis, as the officer then in office, refused to place Winter's name on the official ballot of the November 1944 general election, as a candidate for such office. Winter thereupon sought a writ of mandate to compel the placing of his name on such official general election ballot. Winter based his action "on the sole question of whether or not the appointment of defendant F. L. Davis to such office * *,

was an appointment for the full four year term beginning the second Monday of January, 1943, or until the next general election to be held in November, 1944." The Court, in its opinion, at page 708, 152 P.2d at page 253, stated:

"Section 57–914, I.C.A. [I.C. § 59–914], makes a distinction as to the terms of officers elected and appointed to fill vacancies. If they are elected to fill a vacancy, they hold during the unexpired term to which they are elected, and until their successor is elected and qualified. If appointed, they hold by appointment only until their successor is elected and qualified. It is obvious the legislature had in mind by this enactment that a vacancy to fill an unexpired term could be filled by election, otherwise it was needless to make a distinction between the term of an officer appointed to fill a vacancy and the term of an officer elected to fill a vacancy. The wording of Section 57–906, I.C.A. [I.C. § 59–906], would corroborate this view because it is there specifically provided that the appointee shall fill the vacancy only until the next general election, when such vacancy shall be filled by election."

The Court in granting a peremptory writ of mandate to compel the placing of Winter's name on the official ballot, refused to uphold defendant Davis in his contention

that he had been appointed to serve the full four-year term, commencing the second Monday of January, 1943, and ruled in effect that an appointee fills the vacancy until the next general election when the vacancy shall be filled by election. The Court did not pass upon the question when such an official, elected at the general election, could qualify for the office and enter into the duties thereof, although the Court reasoned that it was far superior that the elected officials assume office in an orderly manner as expeditiously as the general election and subsequent qualifications would allow. The Court made no determination concerning whether an appointee should serve only until the date, or the canvass of the votes, of the general election, or until the following second Monday of January.

The contention of plaintiff Mr. White, that Mr. Crowley could not qualify for the office of Boise County probate judge for the short time remaining from the date of the November 1964 general election, until the second Monday of January, 1965, —assuming perchance that he was elected to fill the office during that interim,—is further borne out by the law relating to qualification of county officers to assume office.

It is only when *"a different time is not prescribed by law* [that] the oath of office must be taken, subscribed and filed within ten days after the officer has notice of his election or appointment, or before the expiration of fifteen days from the commencement of his term of office, when no such notice has been given." (Emphasis supplied.) I.C. § 59–402. *In the case of county elective officers a different time is prescribed.* I.C. § 59–404 Prescribes that "The oath of office of county elective officers shall be taken by the county commissioners before the county recorders of their respective counties, on the second Monday of January succeeding each general election, and on the same day the other county officers shall take and subscribe the official oath before the chairman of the board. * * *"

Pursuant to I.C. § 59–404, the oath for county elective officers, being required to be taken on the second Monday of January succeeding the general election, Mr. Crowley may not qualify for office until the second Monday of January, 1965. The orderly transfer of power will thereby be accomplished on a day certain, as legislatively prescribed. Winter v. Davis, supra.

The alternative writ was made permanent December 4, 1964, pursuant to order of this Court. Costs to plaintiff.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.