494 P.2d 1033

**John BONE, Plaintiff-Respondent,**

v.

**Wilfred J. DUCLOS, Defendant-Appellant.**

**No. 10960.**

Supreme Court of Idaho.

March 15, 1972.

Michael E. McNichols, Orofino, for appellant.

W. Anthony Park, Atty. Gen., Boise, amicus curiae.

Jerry V. Smith, Lewiston, for respondent.

McFADDEN, Justice.

John Bone, plaintiff-respondent, an appointee to the office of county commissioner of Nez Perce County, instituted this action challenging the subsequent appointment of defendant-appellant Wilfred J. Duclos, to the same office. Duclos answered the respondent's complaint and the case was submitted to the district court on stipulated facts. After both parties moved for summary judgment, the court entered summary judgment for respondent and Duclos appealed.

The facts as stipulated are as follows:

On November 3, 1970 at the general election held in Nez Perce County, Elmer Heitman, an incumbent county commissioner, was elected to succeed himself as commissioner of county commissioner district number one for a term commencing January 11, 1971. Heitman died on December 14, 1970, and on December 17, The Honorable Don Samuelson, then the governor of Idaho, duly appointed respondent Bone to fill the vacancy created by Heitman's untimely demise. Bone qualified for office on December 18, 1970.

On January 4, 1971 The Honorable Cecil Andrus was inaugurated governor of the State of Idaho, and on January 11, 1971, he appointed, in writing, Mr. Duclos as the county commissioner of the same first commissioner district, the appointment to take effect as of January 11, 1971.

Both Bone and Duclos met all statutory requirements for assuming the office, and both timely filed their oaths of office and posted their official bonds.

It was further stipulated that on January 11, 1971, Duclos assumed the office of the county commissioner and entered upon his duties, to the exclusion of the respondent.

The district court in its opinion relied primarily on Clark v. Wonnacott, 30 Idaho 98, 162 P. 1074 (1917), and held that the vacancy created by Heitman's death was "filled by the appointment of plaintiff [Bone] and plaintiff is entitled to serve in such office until his successor is elected and qualified."

The statutes make clear that upon Mr. Heitman's death on December 14, 1970, a vacancy existed in the office of county commissioner (I.C. § 59–901),[1] and that the then incumbent governor was vested with the authority to appoint Bone to fill that vacancy. I.C. § 59–906.[2] The only issue, then, is whether respondent, who was appointed to fill the vacancy created by death of his predecessor, was to serve only until the end of the term of office of his predecessor, or whether he was to serve until his successor was *elected and qualified.*

We construe I.C. § 59–906, *supra*, to provide that an appointee filling a vacancy in the office of county commissioner, will serve "until the next general election" like other county appointees holding office under that provision. However, to understand the phrase "until the next general election," as used in I.C. § 59–906, it is necessary to additionally consider the related provisions of I.C. §§ 59–913[3] and 59–914[4] and read them *in pari materia* with I.C. § 59–906. White v. Young, 88 Idaho 188, 194, 397 P.2d 756, 760 (1964).

I.C. § 59–913 provides that appointments will "continue until the next election, at which the vacancy shall be filled, and until a successor is elected and qualified * * *." I.C. § 59–914, which distinguishes between the official tenure for those appointed as opposed to those elected to fill vacant offices, provides that appointees "shall hold [office] only until their successors are elected and qualified." The import of the statutory scheme is clear. An appointee to the office of county commissioner filling a vacancy serves only until his successor is *elected* and qualified.

While agreeing that a vacancy occurred upon Mr. Heitman's death, appellant offers the theory that a vacancy also occurs whenever the duly *elected* and qualified official, for whatever reason is unable to assume the office at the start of a new term. Therefore a vacancy appointment, appellant contends, is effective only until the date of the new term fixed for the particular office. As support for this theory appellant relies on decisions of the Colorado Supreme Court particularly People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963), which relied in turn on People v. De Guelle, 47 Colo. 13, 105 P. 1110 (1909).

In order to establish the relevancy of the Colorado rule in the case at bar, appellant notes that the facts in People v. Quimby, *supra*, parallel those in this appeal. Further, he points out that county commissioners in Colorado, as in Idaho, serve a fixed term of office. Also, it appears Colorado's provi-

---

1. I.C. § 59–901. *"How vacancies occur.—* Every civil office shall be vacant upon the happening of either of the following events at any time before the expiration of the term of such office, as follows:
    1. The resignation of the incumbent.
    2. *His death. * * *."* (Emphasis added.)

2. I.C. § 59–906. *"County and precinct offices—Vacancies, how filled.—* All vacancies in any county or precinct office of any of the several counties of the state, except that of the county commissioners (who shall be appointed by the governor), shall be filled by appointment by the county commissioners of the county in which the vacancy occurs until the next general election, when such vacancy shall be filled by election."* (Emphasis added.)

3. I.C. § 59–913. *"Appointments to be in writing.—* Appointments under the provisions of this chapter shall be in writing, *and continue until the next election,* at which the vacancy shall be filled, *and until a successor is elected and qualified,* and be filed with the secretary of state, or proper county auditor, respectively."* (Emphasis added.)

4. I.C. § 59–914. *"Tenure of appointee.—* Any of the said officers that may be elected or appointed to fill vacancies may qualify and enter upon the discharge of the duties of their offices immediately thereafter; and, if elected, they may hold the same during the unexpired term for which they were elected, and until their successors are elected and qualified; but if appointed they shall hold the same *only until their successors are elected and qualified."* (Emphasis added.)

sion for filling vacancies (Colo.Const. art. XIV, § 9) is substantially similar to the Idaho code provision, § 59–906.

In examining the Colorado decision of People v. Quimby, *supra*, a distinguishing factor becomes apparent. According to the Colorado court, Colo.Const. art. XIV, § 9, must be read in light of an additional pertinent section, Colo.Const. art. XII, § 10, which provides "[i]f any person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant." There is no comparable Idaho law, either statutory or constitutional, which so defines vacancy. (See I.C. § 59–901.) Due to this important distinction, the Colorado rule is unpersuasive in this appeal.

Furthermore, the Colorado Supreme Court in People v. Quimby recognized abundant authority contrary to the Colorado position and conceded that Colorado's is a minority viewpoint. See Annot. 74 A.L.R. 486 (1931), which sets out the majority and minority views, listing Clark v. Wonnacott, 30 Idaho 98, 162 P. 1074 (1917), with the majority.

In Clark v. Wonnacott, *supra*, Mr. Wonnacott, an incumbent county assessor, was defeated in the general election held in November, 1916, by William B. McFarland, who died within ten days following the election. In January, 1917, the county commissioners entered an order declaring the office of the county assessor was vacant because of the death of McFarland, and appointed Clark to fill that vacancy. This Court held that Wonnacott, the incumbent, should retain the position of county assessor as there was no vacancy created by the

death of McFarland prior to his taking office, and stated in the opinion

"There can be no appointment unless there is a vacancy; there can be no vacancy where there is an incumbent. A vacancy exists where there is no person lawfully authorized to assume and exercise at present the duties of the office. * * * *It necessarily follows that if an officer under the law is entitled to hold his office until his successor is elected and qualified, that the election of the officer does not create a vacancy, but it requires his election and qualification coupled with the expiration of his predecessor's term to create a vacancy. * * *.*" (Emphasis added.) 30 Idaho at 104–105, 162 P. at 1076.

It is our conclusion that Bone, who was appointed to fill a vacancy in the office of the county commissioner of the first commissioner's district continued in office until his successor was elected and qualified. Since Bone was an incumbent [5] in office, there was no vacancy in that office on January 11, 1971, when Duclos was appointed. Thus the appointment of appellant was ineffective. This is purely a legislative solution to a political problem, and one may disagree as to the logic or wisdom of that policy. However, this Court is bound by that policy and if it is to be changed it must be done by the legislative body and not by judicial fiat.

The judgment of the district court granting the summary judgment to respondent is affirmed. Costs to respondent.

McQUADE, C. J., DONALDSON and SHEPARD, JJ., and COGSWELL, District Judge, concur.

5. "I.C. § 59–916. Powers and duties of appointee.—Any person elected or appointed to fill a vacancy, after filing his official oath ·and qualifying for the state official bond, as prescribed by chapter 8, title 59, Idaho Code, possesses all the rights and powers, and is subject to all the liabilities, duties and obligations, of the officer whose vacancy he fills."

See also: White v. Young, 88 Idaho 188, p. 195, 397 P.2d 756, 760 (1954).