527 P.2d 783

**John BONE, Plaintiff-Appellant,**

v.

**Cecil D. ANDRUS et al., Defendants-Respondents.**

**No. 11343.**

Supreme Court of Idaho.

Oct. 21, 1974.

Jerry V. Smith, Lewiston, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., Wayne V. Meuleman, John F. Greenfield, Asst. Attys. Gen., Boise, for defendants-respondents.

SHEPARD, Chief Justice.

Appeal from the action of the trial court dismissing plaintiff's action for damages resulting from the alleged usurpation of the office of County Commissioner. The district court dismissed the action based upon the doctrine of executive immunity. We affirm.

This action arises out of the same facts involved in the case of Bone v. Duclos, 94 Idaho 589, 494 P.2d 1033. In November, 1970, one Elmer Heitman, an incumbent county commissioner of Nez Perce County was re-elected to a term of office to begin on January 10, 1971. In early December, 1970, Heitman died. On December 17, 1970, Don Samuelson, then Governor of Idaho, appointed John Bone, plaintiff-appellant herein to fill the vacancy left by Heitman's death. On January 4, 1971, Samuelson was succeeded as Governor of Idaho by Cecil Andrus, defendant-respondent herein. On January 4, 1971, Andrus appointed Wilfred Duclos to replace Bone as County Commissioner of Nez Perce County effective January 11, 1971. January 11, 1971, was to be the first day of the new term to which Elmer Heitman had been elected in the November election.

On January 11, 1971, Duclos assumed the office of County Commissioner and excluded Bone from that office. Bone instituted a ursurpation action against Duclos (Bone v. Duclos, supra) and was reinstated as a Commissioner. Duclos was the sole defendant in that action. In Bone v. Duclos, supra, Duclose contended unsuccessfully that in such a vacancy appointment the appointee effectively continues in office only until the date of the new term. The Court in that case held in favor of Bone stating:

"An appointee to the office of county commissioner filling a vacancy serves only until his successor is *elected* and qualified."

Such holding of the court was of first impression in the State of Idaho.

In December, 1972, Bone commenced the instant action seeking monetary damages pursuant to I.C. § 6–606 against Andrus, Duclos and the Chairman of the Nez Perce County Board of Commissioners, one Otto

Brammer. Defendant Andrus moved pursuant to IRCP 12(b) for dismissal of the action, which motion was granted and this appeal was taken therefrom. The sole question for our consideration is whether the action should have been dismissed as to Governor Cecil Andrus.

Plaintiff bases his claim for monetary damages on I.C. § 6–606 which provides:

"If judgment be rendered upon the right of the person so alleged to be entitled, in favor of such person, he may recover by action the damages which he may have sustained by reason of the usurpation of the office by the defendant."

In Idaho public officials are "not personally liable for tort occurring while they are in good faith acting in their official capacity, and within the scope of their authority, and especially in matters involving their official judgment or discretion." Bullock v. Joint Class A School District No. 241, 75 Idaho 304, 311, 272 P.2d 292, 296 (1954). Although that case referred specifically to the trustees of a school district, the doctrine is equally applicable to other public officials, including the Governor of this state.

We distinguish first between immunity of public officials for acts within the scope of their authority as distinguished from sovereign immunity. Sovereign immunity immunized the state as opposed to individuals from tort actions. Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970).

It is clear that whenever a vacancy occurs in the position of county commissioner, it is the duty of the Governor to appoint a person to fill the vacancy, I.C. § 59–906. Inasmuch as it was the Governor's clear duty to fill a vacancy, the only question remaining unresolved is whether a vacancy did exist and whether the Governor abused his discretion and his authority in determining first that a vacancy existed and then determining to fill that vacancy. As hereinabove stated, the question of the existence of the vacancy was one of first impression in this state. As pointed out in Bone v. Duclos, there is respectable authority in other jurisdictions which sustain the decision made by Governor Andrus that a vacancy existed.

We therefore deem it clear that whether the doctrine of executive immunity is deemed to be absolute or qualified, the actions of Governor Andrus in this case were immunized. From the state of the law at that time, Governor Andrus could have reasonably concluded that a vacancy existed. If a vacancy existed, it was his clear statutory duty to proceed to fill that vacancy.

We reject appellant's assertion that the case of Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90, decided April 17, 1974, is either persuasive or controlling in the case at bar. We deem *Rhodes* to be applicable only to an action in federal court brought under the authority of the federal statute for violation of federal constitutional rights.

We further deem it clear that the action of the Governor of this State in this case was under color and authority of law, that his conduct was immunized by executive immunity and the action of the trial court in dismissing the action was correct. Judgment of the court below is affirmed. Costs to respondent.

DONALDSON, McFADDEN and BAKES, JJ., concur.

McQUADE, J., concurs in the result.