Myers, J.
 

 The question here for determination is whether there was a vacancy in the office of Clerk of the Court of Common Pleas of Tuscarawas county on January 4, 1937.
 

 Relatrix claims there was a vacancy by reason of the following: That John Kopp was elected Clerk of the Court of Common Pleas at the November, 1936, election; that he fully qualified for such office; that he received his commission from the Governor; that he gave bond to the satisfaction of the county commissioners; that he took the required oath of office; that the bond, together with the oath of office and the approval of the county commissioners endorsed thereon, was deposited with the Treasurer of Tuscarawas
 
 *425
 
 county; that, by his election and qualification, the title to the office of Clerk of the Court of Common Pleas for the term of four years to commence on the first Monday in January, 1937, was vested in John Kopp, and that upon hi,s death on the 26th day of November, 1936, a vacancy occurred which was properly filled by the appointment of the relatrix and her qualification on the 4th day of January, the first day of the term.
 

 The respondent answers that there is no vacancy and-that there has been no vacancy in the office of clerk since his re-election to the office in 1934; that John Kopp never took possession of and never occupied the position of clerk, and that by reason thereof there could be no vacancy since the respondent, as the present incumbent, has continued to occupy the office and to perform all of the duties thereof.
 

 In order that we may properly analyze the question before us we call attention to several code sections bearing upon the issue in this case. A person, in order to hold an office by election in this state must have two things accomplished: First, he must receive the highest number of votes, and, second, he must qualify according to law before entering upon the discharge of his duties. Section 2867, General Code, provides that a person elected Clerk of the Court of Common Pleas “shall assume office on the first Monday of January next after his election.” Section 2868, General Code, provides that before entering upon the discharge of the duties of his office — that is, before the first Monday of January next after his election — he shall give bond, and that the bond with the oath of office shall be deposited with the county treasurer. From these two sections it is clear that a person elected Clerk of the Court of Common Pleas shall not only asslime office on the first Monday of January but at some previous time he shall give bond and qualify.
 

 Section 7, General Code, provides that a person who refuses or neglects thus to qualify within the time and
 
 *426
 
 in the manner prescribed hy law shall be deemed to have refused to accept the office and such office shall be considered vacant and be filed as provided by law.
 

 The majority rule on this question is found in 74 A. L. R., 486, as follows: “In a majority of jurisdictions, the rule obtains that the death or disability of an officer-elect before qualifying does not create a vacancy in the office which may be filled by the appointing power, since he never occupied the office, and that under the provision that an incumbent shall’hold his office until his successor is elected and qualified the prior incumbent is entitled to continue in the office until the election and qualification of his successor.”
 
 Clark
 
 v.
 
 Wonnacott,
 
 30 Idaho, 98, 162 P., 1074;
 
 State, ex rel. Culbert,
 
 v.
 
 Linkhauer,
 
 142 Ind., 94, 41 N. E., 325. In
 
 Kimberlin
 
 v.
 
 State, ex rel. Tow,
 
 130 Ind., 120, 29 N. E., 773, 30 Am. St. Rep., 208, 14 L. R. A., 858, the court said: ‘ ‘ The rule is that, where a person is in the possession of an office under a constitutional or statutory provision like that found in our Constitution, and a successor is duly elected but dies before he qualifies, no vacancy occurs, since one of the contingencies upon which the incumbent’s term of office is to expire has not taken place, namely, the qualification of his successor.”
 

 The general rule on this subject is also set forth in Throop’s Public Officers, Section 329, as follows: “Under a constitutional or statutory provision, that an officer shall hold over, until his successor is chosen and qualifies, the right to hold over is determined by the election and qualification of a successor, and the right does not survive, if the latter dies before his term begins; in such a case there is a vacancy.
 
 [State, ex rel. Elliott,
 
 v.
 
 Bemenderfer,
 
 96 Ind., 374;
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Seay,
 
 64 Mo., 89, 27 Am. Rep., 206.] But if the successor dies after election, and before qualification, there is no vacancy, and the incumbent holds over.”
 
 Commonwealth, ex rel. Broom,
 
 v.
 
 Han
 
 
 *427
 

 ley,
 
 9 Pa., 513;
 
 State, ex rel. Loring,
 
 v.
 
 Benedict,
 
 15 Minn., 198. The same rule is set forth in Mechem’s Public Offices and Officers, Section 401.
 

 In the instant case at the time of. John Kopp’s death, on November 26, 1936, he had complied with all the. requirements for the office of Clerk of the Court of Common Pleas of Tuscarawas county for the term of four years commencing January 4, 1937. At that time there was nothing else for him to do except to begin the performance of his duties on January 4, the first day of the new term. By qualifying he had accepted the office. Since Section 7, General Code, provides that if he refuses or neglects to qualify, such office shall be considered vacant, we may well say that the converse is also true — that by having qualified he shall be deemed to have accepted the office and such office shall not be considered vacant. In other words, after John Kopp had qualified and while he was still living there was no vacancy. The term to which he had been elected was his “place.”
 

 The next question we are obliged to answer is whether the death of John Kopp, on November 26, 1936, after he had qualified, created such a vacancy as could be filled by appointment as' provided by law. In order to answer this question it becomes necessary to examine Sections 8 and 10, General Code. We quote them in full
 

 Section 8. “A person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the constitution or laws.”
 

 Section 10. “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general election for the office which is' vacant that occurs more than thirty days after the vacancy shall have occurred.
 
 *428
 
 This section shall not be construed to postpone the time for such election beyond that at which it would have been held had no vacancy occurred, nor to affect the official term, or the time for the commencement thereof, of any person elected to such office before the occurrence of such vacancy.”
 

 We believe that a clear distinction between an elected and an appointed, officer, in their authority to hold over, may be found in the language of these two sections.
 

 Under Section 8, the respondent, who is the present incumbent, would continue to hold office until his successor
 
 is elected ór appointed and qualified.
 
 In the instant case there was.a successor, John Kopp, elected and qualified. True he did not occupy the office, but the statute does not say “until his successor is elected and qualified and
 
 occupies
 
 the office.” Title to the, office does not depend upon occupancy but rather occupancy of the office depends upon the title or right to hold the office.
 

 A distinction to be observed between these two sections is that Section 8 is general in scope and character, while Section 10 is specific. Section 8 applies to persons 'holding office generally, while Section 10 prescribes the tenure of appointees. Section 10 says “such appointee shall hold the office until his successor is elected and qualified.” The respondent, Blackburn, not being an appointee, could not rely upon Section 10, but would be required to rely upon Section 8, thereby only holding “until his successor is elected or appointed and qualified.” If the respondent, instead of having been previously elected had been appointed, the situation would be entirely different for the reason that there could not be a vacancy predicated upon another vacancy. In other words, a person elected to office s'erves until his successor is elected or appointed and qualified, while an appointee continues to hold over until his successor is elected and qualified. Apply
 
 *429
 
 ing these principles to the instant’case, we have two controlling factors which would prevent the respondent holding over under Section 8. In the first place a successor in the person of John Kopp was elected and qualified. In the second place, due to the death of John Kopp, who had title to the office, a successor was appointed and qualified.
 

 The latest decision of this court construing the language of Sections 8 and 10, General Code, is to be found in
 
 State, ex rel. Haff,
 
 v.
 
 Pask,
 
 126 Ohio St., 633, 186 N. E., 809. There the office of sheriff was involved and, due to the fact that the person receiving the highest number of votes at the election was ineligible to be a candidate, there was no one legally elected sheriff at the November election held in 1932. Pask who had been elected sheriff in 1930, served in that capacity until December 26, 1932, when he resigned and Klotz was duly appointed, qualified and served during the remainder of that elective term which expired on the first Monday of January, 1933. On January 31, 1933, Haff was' appointed sheriff by the Commissioners of Sandusky county and by reason of such appointment claimed to be entitled to the office. The court held that Klotz, who was appointed by the county commissioners on December 26, 1932/to fill the vacancy in the elective office of sheriff, was entitled to retain the office. At the conclusion of its opinion the court said:
 

 “We hold that when a vacancy is created in the term of sheriff, by his resignation during such term, one duly appointed and qualified to fill the vacancy thus created will hold the office for and during the unexpired term of his predecessor and until his_successor is elected and qualified.”
 

 There the court held to the same principle that was applied in
 
 State, ex rel. Sheets, Atty. Genl.,
 
 v.
 
 Speidel,
 
 62 Ohio St., 156, 56 N. E., 871, and in
 
 State, ex rel. Hoyt,
 
 v.
 
 Metcalfe,
 
 80 Ohio St., 244, 88 N. E., 738. In all three of the foregoing cases the incumbent had been
 
 *430
 
 appointed to fill a vacancy and field over by virtue of Section 10, General Code (formerly Section 11, Revised Statutes).
 

 In the instant case there had been no previous vacancy and the respondent, Blackburn, was completing the term to which he had been re-elected in 1934. He was holding by virtue of Section 8, General Code, and would' therefore serve until his successor was elected or appointed and qualified. Here John Kopp having been elected and qualified as provided by law, became vested with the title of the office of Clerk of the Court of Common Pleas. His title to the office became fixed when he qualified. His subsequent death before the beginning of the term to which he had been elected, created a vacancy which was properly filled by the appointment of the relatrix, Alta M. Kopp, who is entitled to hold the office until her successor is elected and qualified. The demurrer to the answer is snstained and the writ allowed.
 

 Judgment of ouster will be rendered against A. Clark Blackburn, and an order of induction awarded in favor of Alta M. Kopp.
 

 Judgment of ouster and order of induction.
 

 Wbygandt, C. J., Matthias, Day, Zimmerman and WiiíLiams, JJ., concur.