This is the second time this controversy comes into this court. The relator now raises a constitutional question not adjudicated in the other case.
The relator claims three new questions are in this case and states them substantially as follows: (1) Does Section 2 of Article XVII, of the Constitution prevent Kirk from holding over? (2) Was there such a vacancy in the office of County Engineer of Columbiana county on March 4, 1938, as could be filled by appointment by the Board of County Commissioners? And (3) Was Kirk duly qualified by bond?
Since the question of bond could have been raised in the former case, relator is foreclosed thereon.
The question of a vacancy in the office was fully considered in the former decision of this court. However, since the question of a vacancy is related to the determination *Page 181 
of the constitutional question interposed we shall consider both together.
As incumbent of the office, Kirk completed serving four years in January, 1937, and relator contends that after his appointment, Kirk may not serve longer by reason of that part of Section 2 of Article XVII of the Constitution reading as follows: "The term of office of all elective county, township, municipal and school officers shall be such even number of years not exceeding four (4) years as may be so prescribed."
Relator also quotes Section 2782, General Code, as follows:
"There shall be elected in each county, at the regular election in 1924, a county surveyor, who shall assume office on the first Monday of September next after his election and who shall hold said office for a period of three years and four months or until the first Monday of January, 1929. There shall be elected in each county, at the regular election in 1928, and quadrennially thereafter, a county surveyor who shall assume office on the first Monday in January next after his election and so shall hold said office for a period of four years."
Section 2785, General Code, is also quoted:
"If a vacancy occurs in the office of county surveyor because of death, resignation or otherwise, the county commissioners shall appoint a suitable person county surveyor, who, upon giving bond and taking the oath of office as required of the county surveyor elect, shall enter upon the discharge of the duties of the office."
Relator then quotes Section 8, General Code, reading as follows:
"A person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the Constitution or laws."
Relator then asserts that in the instant case Kirk *Page 182 
may not hold over for the reason that it is "otherwise provided" in that part of the Constitution and the laws above cited. Relator points out that the Constitution reads: "The term * * * shall be * * * not exceeding four (4) years," and Section 2782, General Code, reads: "for a period of four years." In addition, relator points to the language in Section 2785 reading, "If a vacancy occurs * * * because of death, resignation or otherwise" the commissioners shall appoint a suitable person county surveyor. (Italics ours.) It is claimed by the relator that the quoted parts of the Constitution and the statutes preclude Kirk holding over as engineer, especially in view of the appointment of Wheatley by the county commissioners to fill the "vacancy."
The foregoing claims of the relator make it necessary to examine the history of Article XVII of the Constitution and the purpose of the language there used. There would be much force in the claims of the relator but for the fact that the last sentence of Section 2 of Article XVII, reads as follows: "All vacancies in other elective offices shall be filled for the unexpired term in such manner as may be prescribed by law." Could any language be clearer or more explicit in the light of its setting? Article XVII of the Constitution of Ohio in its entirety was adopted by the people of the state at the November election of 1905. It was not changed by the Constitutional Convention of 1912. It was a revamping of the terms and time of election of state, county and other officials. Whereas theretofore state officials had been elected is the odd-numbered years, thereafter they were to be elected in the even-numbered years. Changes as to other officials were also made. In making such major changes the people of Ohio stated in Section 2 that "the General Assembly shall have power to so extend existing terms of office as to effect the purpose of *Page 183 
Section 1 of this article. In so providing, the framers of that article of the Constitution recognized the wisdom of reposing in the Legislature the authority to make the Constitution workable. It was recognized that there might be valid reasons for changing the date of the beginning and expiration of terms of office. The framers wisely left to the General Assembly the details of such an arrangement.
The framers of Article XVII of the Constitution went still further. They recognized the fact that public officials are mortal and may become disabled or be removed by the hand of death or that elections might be held without a valid legal choice being made. To provide for such contingencies they first stated in Section 2 that "Any vacancy which may occur in any elective state office other than that of a member of the General Assembly or of Governor, shall be filled by appointment by the Governor until the disability is removed, or a successor elected and qualified." They further provided in respect to state officials: "Every such vacancy shall be filled by election at the first general election for the office which is vacant, that occurs more than thirty (30) days after the vacancy shall have occurred. The person elected shall fill the office for the unexpired term."
After having thus provided how vacancies in elective state offices should be filled they further provided that "All vacancies in other elective offices shall be filled for the unexpired term in such manner as may be prescribed by law."
(Italics ours.) What did the framers of Article XVII intend by the insertion of such language in Section 2? It was not a part of the Constitution in 1886, when the decision was made in the case of State, ex rel. Attorney General, v. Brewster, 44 Ohio St. 589, 9 N.E. 849. At that time the only constitutional provision on this subject was Section 27 of Article II, which was not changed in 1905 *Page 184 
or in 1912. Section 27 is the same today as it was then and theBrewster case was decided in the light of Section 27 and in respect to a constitutional amendment adopted in October, 1885, reading as follows: "County officers shall be elected on the first Tuesday after the first Monday in November by the electors of each county, in such manner and for such term, not exceeding three years, as may be provided by law." Thereafter as recited in the Brewster case:
"On May 18, 1886, Section 1013, Revised Statutes, was so amended as to read: 'The county auditor shall be chosen triennially in each county, who shall hold his office for three years, commencing on the second Monday in September next after his election.
"Under these provisions, as amended, Fred Raine was, at the November election of 1886, elected Auditor of Hamilton county for a term of three years, to begin on the second Monday of September, 1887, thus leaving a period of ten months between the expiration of Brewster's term and the commencement of Raine's."
The period of ten months unprovided for by either Constitution or statute was the cause of the litigation in theBrewster case. Other litigation also ensued following that constitutional amendment.
It was to avoid such difficulties that the framers of Article XVII, twenty years later, expressly provided in the article itself for continuity in government. They first designated which officials should be elected in even-numbered years and which in the odd-numbered years. They next set forth "the term of office" among others of "elective county" officers "not exceeding four years." And then in the same article they provided for vacancies and unexpired terms to be filled "in such manner as may be provided by law." And then to be doubly sure that difficulties like those in the Brewster case should not recur they stated *Page 185 
in Section 3 of the same article that "Every elective officer holding office when this amendment is adopted, shall continue to hold such office for the full term for which he was elected, and until his successor shall be elected and qualified as provided by law." Here they had no hesitancy in providing for continuity in government. Here they not only said that the officials should serve their full terms, but also, and until
their successors should be elected and qualified as provided bylaw. Here in respect to the principle of continuity of government they wrote an exception into the Constitution itself and the people by adoption thereof put their stamp of approval upon it.
Nor is this doctrine of security and continuity in government anything new. As long ago as 1874 in State, ex rel., v. Howe,25 Ohio St. 588, at page 599, 18 Am. Rep., 321, the same doctrine was laid down by this court in language as follows:
"This court is now called upon, for the first time, to declare the true limit of powers in this regard as between these co-ordinate branches of the government. After a careful examination of the question, in the light of both principle and authority, we are led to the conclusion that the General Assembly may provide against the occurrence of vacancies by authorizing incumbents to hold over their terms in cases where the duration of their tenures is not fixed and limited by the Constitution.
"By this solution, public trusts and offices are preserved to the administration of those agents who may be chosen in conformity to the general policy of the state, as declared by its Constitution and laws providing for their election or appointment; and, at the same time, all the evils contemplated as likely to result from vacancies in office are guarded against by confining the exercise of the power to fill vacancies in office to those cases where no one is authorized by *Page 186 
law to discharge the public duties; which, we think, is the constitutional scope of that power."
We need hardly call attention to the fact that Section 8, General Code, formerly Section 8, Revised Statutes, has been in effect for over fifty years. It has recently received interpretation by this court in State, ex rel. Kopp, v.Blackburn, 132 Ohio St. 421, 8 N.E.2d 434; State, ex rel.Cox, v. Riffle, 132 Ohio St. 546, 9 N.E.2d 497; and State,ex rel. Kirk, v. Wheatley, supra. There was no vacancy in the instant case to be filled by the county commissioners. No one died who had title to the office as in Kopp v. Blackburn,supra. No one who had title resigned or otherwise quit. No one who had title was under disability or had been removed. The only person who had title kept on serving by virtue of Section 8, General Code. As heretofore decided by this court, Kirk rightfully continues to hold the office of County Engineer of Columbiana county until his successor is elected and qualified, and it is so ordered.
The demurrer will be sustained and the writ denied.
Writ denied.
WEYGANDT, C.J., ZIMMERMAN and WILLIAMS, JJ., concur.
MATTHIAS, DAY and GORMAN, JJ., dissent.