261 P.2d 442

### STATE ex rel. RIVES v. HERRING.
No. 5665.

Supreme Court of New Mexico.
Sept. 22, 1953.

William C. Schauer, Roswell, for appellant.

Charles R. Brice, T. T. Sanders, Jr., Roswell, for appellee.

SEYMOUR, Justice.

This case was tried on a stipulation of facts, which facts are briefly as follows: Phyllis Chandler, incumbent county. clerk of Chaves County, New Mexico, was reelected to that office at the general election of November 4, 1952; on December 8, 1952, she resigned her office and, by letter, advised the Board of County Commissioners that she would not qualify for the new term beginning January 1, 1953; on the same day, December 8, 1952, the Board accepted her resignation and appointed the defendant, Dorothy Herring, as her successor. On December 19, 1952, the defendant qualified as county clerk by filing oath and bond, entered into possession of the office, and since said date has performed the duties of the office. On January 12, 1953, the Board of County Commissioners, with two newly elected members, declared a vacancy in said office by reason of the failure of Phyllis Chandler to

qualify for the term beginning January 1, 1953, and the newly constituted Board appointed as county clerk the plaintiff, Harold L. Rives, Jr., who in turn proceeded to qualify, but to whom the defendant, Dorothy Herring, refuses to turn over the office.

The stipulation concluded with the following statement of the question for decision by the trial court:

"The parties hereto are of the opinion that if there was a vacancy by reason of the matter stated, in the office of County Clerk of Chaves County, New Mexico, on the 12th day of January 1953, then such order appointing the plaintiff as county clerk was valid and the said plaintiff is the county clerk of Chaves County, New Mexico; if there was no vacancy in the office of county clerk at said time then in that event the defendant is the county clerk of Chaves County, New Mexico."

The trial court entered judgment for the defendant, concluding as a matter of law that the resignation of the incumbent, Phyllis Chandler, created a vacancy which was filled by the December appointment of defendant "which appointment filled such office until her successor should be elected and qualified"; that no vacancy existed January 12, 1953 and the attempted appointment of plaintiff is void; that defendant, Dorothy Herring, is entitled to hold said office until her successor "shall be duly elected and qualified according to law."

Parties will be referred to in this opinion as "plaintiff" (appellant) and "defendant" (appellee).

The constitutional and statutory provisions involved in this decision are as follows:

Constitution of New Mexico, Art. 20, sec. 2

"(Tenure of office.)—Every officer, unless removed, shall hold his office until his successor has duly qualified."

Sec. 10–301, N.M.S.A.1941

"Circumstances causing vacancy in local office.—Any office belonging to the class mentioned in section 3954 (§ 10–303) becomes vacant under any of the following circumstances:

"1. By death of the party in office;

"2. Removal of the officer as provided by this chapter;

"3. Failure of the officer to qualify as provided by law;

"4. Expiration of the term of office when no successor has been chosen as provided by law;

"5. When the officer removes from the county in which he is elected and in case of municipal officers, when he removes from the town or city for which he is elected;

"6. Absence from the county for six (6) consecutive months, and in cases of municipal officers, absence for such length

of time from the village, town or city for which he is elected; but this provision does not apply to those officers wherein the law provides that the duties may be discharged by a deputy, when such absence is due to illness or other unavoidable cause;

"7. By resignation of the officer;

"8. By an officer accepting and undertaking to discharge the duties of another incompatible office. (Laws 1909, ch. 36 § 3; Code 1915, § 3956; C.S.1929, § 96–107.)"

Sec. 10–302, N.M.S.A.1941

"Vacancy in county or precinct office—Appointment.—Whenever any vacancy in any county or precinct office in any of the counties of this state other than a vacancy in the office of county commissioner, shall occur by reason of death, resignation or otherwise it shall be the duty of the board of county commissioners of the county where such vacancy has occurred to fill said vacancy by appointment and said appointee shall be entitled to hold said office until his successor shall be duly elected and qualified according to law. (Laws 1907, ch. 6, § 2; Code 1915, § 1219; C.S.1929, § 33–4233.)"

Sec. 10–303, N.M.S.A.1941

"Local officers subject to removal.—Any county, precinct, district, city, town or village officer elected by the people, and any officer appointed to fill out the unexpired term of any such officer, may be removed from office on any of the grounds mentioned in this chapter and according to the provisions hereof. (Laws 1909, ch. 36, § 1; Code 1915, § 3954; C.S.1929, § 96–105.)"

Sec. 15–3702, N.M.S.A.1941

"Bond.—The county clerk of each county shall, before entering upon the duties of his office and within ten (10) days after the first day of January following his election, execute a bond to the state of New Mexico, in the penal sum of ten thousand dollars ($10,000), with sufficient sureties, to be approved by the judge of the district court of said county, conditioned that he will well and faithfully perform all of his duties as such county clerk during his term of office. (Laws 1901, ch. 35, §§ 1, 2; Code 1915, § 1441; Laws 1919, ch. 10, § 1, p. 10; C.S.1929, § 34–425.)"

Sec. 15–3703, N.M.S.A.1941

"Failure to give bond—Vacancy.—If any county clerk shall fail to furnish bond in manner required by the preceding section, the office shall become vacant and be so declared by the board of commissioners of the county. (Laws 1901, ch. 35, § 3; Code 1915, § 1442; C.S.1929, § 34–426.)"

The contention of plaintiff is: That Phyllis Chandler, elected county clerk at the November election, 1952, failed to qualify for the term commencing January 1, 1953 pursuant to Sec. 15–3702 and Sec. 15–3703, supra; that Sec. 15–3703 and Sec. 10–301, subsection 3, supra, both provide that such a failure creates a vacancy in

the office; that, therefore, a vacancy existed and plaintiff's appointment on January 12, 1953 was a proper appointment under Sec. 10-302, supra.

The contention of defendant is: That Phyllis Chandler resigned December 8, 1953; that a vacancy in office was thereby created pursuant to Sec. 10-301, subsection 7, supra; that defendant was properly appointed (and qualified) pursuant to Sec. 10-302, supra; that Sec. 10-302, supra, provides that defendant, as appointee, is entitled to hold the office of county clerk until her successor is duly *elected and qualified;* that plaintiff was not elected to the office, and therefore, defendant is entitled to continue in the office until replaced at the next general election as specifically provided by Sec. 10-302, supra.

The only *question for decision is* whether or not there was a vacancy in the office of county clerk on January 12, 1953 when plaintiff was appointed.

To sustain the contention of plaintiff, it is necessary to hold that the provision of Sec. 10-301 (1909), supra, creating a vacancy for "failure of the officer to qualify as provided by law" is in conflict with and prevails over the last line of Sec. 10-302 (1907), supra, which provides that an appointive officer shall hold office until "his successor shall be duly elected and qualified according to law." There was no specific repeal by the legislature, and

plaintiff's contention rests, therefore, upon a repeal by implication; in other words, it is plaintiff's contention that the phrase of Sec. 10-302, supra, "duly elected and qualified according to law", does not mean, or no longer means, what it says.

 It is a generally accepted rule, amply sustained by our own authorities, that repeals by implication are *not favored*, it being the duty of the court, if possible, to so construe different acts that all shall be operative. Veterans' Foreign Wars, Ledbetter-McReynolds Post No. 3015 v. Hull, 1947, 51 N.M. 478, 188 P.2d 334; Atchison, T. & S. F. Ry. Co. v. Town of Silver City, 1936, 40 N.M. 305, 59 P.2d 351, and cases cited therein.

 Briefs have made available to this Court a review of the pertinent authorities, and it is our conclusion that those authorities sustain the interpretation contended for by defendant, which interpretation will allow all acts to stand and avoid a repeal by implication.

The best summary of the law is found in the annotation, 164 A.L.R. 1248, entitled, "Vacancy in public office within constitutional or statutory provision for filling vacancy, where incumbent appointed or elected for fixed term and until successor is appointed or elected is holding over." It is stated at page 1249 thereof:

"The greater number of cases have held that during the period in which a

public officer holds over after the expiration of his term, under constitutional or statutory authority entitling him to do so until the election and qualification of a successor, there is no vacancy in office which may be filled by an interim appointment."

It is stated by defendant that, from this annotation, "it appears that the courts of thirty-four states have held that under the facts and a similar statute there was no vacancy, while six states held there was a vacancy." Be that as it may as to the exact count, a convincing majority hold with the defendant, that there is no vacancy under these circumstances.

Each party relies heavily upon one or two cases not cited in this annotation. They merit discussion.

Plaintiff cites Hood v. Miller, 1930, 144 Okl. 288, 291 P. 504, 506. In that case, Miller was the incumbent county treasurer. He ran against one Wheeler in the November, 1928 election. Wheeler won but refused to qualify and enter upon the duties of his office in January, 1929. In July of 1929, the Board of County Commissioners declared the office vacant and appointed Hood, to whom Miller refused to turn over the office. The Oklahoma Court held for the appointee, Hood. Oklahoma had a constitutional holdover provision and a statute providing, as does ours, that a vacancy occurs upon "failure to qualify as required by law." 51 O.S.1951 § 8. A further Okla-

homa statute provided for a county treasurer "who shall hold office for a term of four (4) years, beginning * * * on the first Monday in January following their election, and until their successors are elected and qualified." Laws 1923–24, c. 121, § 1, 19 O.S.1951 § 131. The question raised has great similarity to the one now before us. There is much language in the opinion of the Oklahoma Court favorable to plaintiff here, particularly the following, holding that there was a vacancy to be filled by appointment:

"A review of the reported cases in other jurisdictions discloses that there is a sharp conflict of authority in this country as to the question now before this court. * * *

"An examination of the reported cases affirmatively discloses that the courts adhere to the one view or to the other, depending primarily upon whether, in the particular jurisdiction, there is an express statutory provision that, 'in case of the failure of a person elected to an office to qualify within a fixed time after such election, the office shall become vacant.' * * *

"The rule laid down by these and many other decisions, that (notwithstanding a statutory provision that an incumbent shall hold over until his successor is duly elected and qualified), where the statute expressly provides in case of the failure of a person

elected to an office to qualify within a fixed time after such election, such office shall become vacant and subject to appointment by the proper appointing authorities, is sound both in reason and law."

This case is the strongest for plaintiff's position and can be distinguished, if at all, upon the constitutional holdover provision of Oklahoma which concludes with this language, Oklahoma Constitution, Art. XXIII, sec. 10:

"* * * nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, That all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

This constitutional provision of Oklahoma can be said to specifically limit the "term" of office and provide only for a direction and authority to the former incumbent to perform the duties until replaced. Our own New Mexico Constitution, Art. 20, sec. 2: "Every officer, unless removed, shall hold his office until his successor has duly qualified" can be said to continue the incumbent in office.

Plaintiff contends, as does this case, that the true rationale of the sharp division in the authorities is the existence or nonexistence of a statute like ours, creating a vacancy upon "failure to qualify as provided by law."

In direct conflict with this case and contrary to plaintiff's rationale of the law, defendant cites two Ohio cases: State ex rel. Kopp v. Blackburn, 132 Ohio St. 421, 8 N.E.2d 434; and State ex rel. Gahl v. Lutz, 132 Ohio St. 466, 9 N.E.2d 288, 289. Ohio has a specific statute providing for a vacancy in the event of failure to qualify and Ohio statutes provide, as do ours, that an appointee "shall hold the office until his successor is elected and qualified." Gen. Code, § 10.

The Second Ohio case, State ex rel. Gahl v. Lutz, supra, is squarely in point: George Lutz, Sr., sheriff, was re-elected November, 1936; prior to the expiration of his old term, he resigned and notified the Board of County Commissioners that he would not qualify for the new term. George Lutz, Jr., was appointed and qualified prior to the commencement of the new term. On January 4, 1937, two new county commissioners took office, declared a vacancy for the failure of George Lutz, Sr., to qualify, and appointed one Gahl as sheriff. The court held for the first appointee, George Lutz, Jr., and stated:

"* * * If a vacancy in the old term of sheriff occurred, and if it was properly filled by appointment, the appointee has the legal right to serve during the unexpired term of his predeces-

sor and until his successor is elected and qualified.

"George A. Lutz, Sr., created a vacancy in his old term by resignation. This vacancy was filled by appointment of respondent. One duly appointed to fill a vacancy in a public office created by resignation holds the office for and during the unexpired term of his predecessor and until his successor is elected and qualified. (Citing authorities.)

"Section 10, General Code, provides: 'When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified.'

"That an appointee incumbent cannot be displaced by another appointee was made clear by this court in State ex rel. Kopp v. Blackburn, supra. Judge Myers, speaking for the court, * * * said: '* * * a person elected to office serves until his successor is elected or appointed and qualified, while an appointee continues to hold over until his successor is elected and qualified.' * * *

"Initially, let us make clear that there is no new or old board of county commissioners. The board of county commissioners is a continuous body with a periodic change in its personnel. The board remains the same, notwithstanding the change in its personnel.

"The appointment of respondent was not to a prospective vacancy but to one which had an actual present existence at the time of appointment. The board had a clear, legal right to fill that vacancy. This they did by appointing respondent. * * *

"* * * Relator, not having been elected to the office, is not the lawful successor thereto and cannot displace respondent. The power of appointment, once exercised, is exhausted until a new vacancy occurs."

■ If our Court adopts the rule of law "that an appointee incumbent cannot be displaced by another appointee", our statutes can be sustained without a repeal by implication. This rule, enunciated in the Ohio cases, is sustained by the weight of authority and, in part, by Mechem on Public Officers, sec. 113, p. 46, who says:

"Sec. 113. Power once exercised is exhausted till Vacancy occurs.—Where power has been given to appoint to an office and the same has been exercised, any subsequent appointment to the same office will be void unless the prior incumbent has been removed or the office has otherwise become vacant."

■ It is our conclusion that such rule should be adopted and, as a result thereof, there was no vacancy in the office of county clerk at the time of plaintiff's appointment.

We are impelled to this decision on three considerations: (1) That it does no violence to our specific legislative provisions and to existing New Mexico authorities. (2) That it makes repeal by implication unnecessary. (3) That it is supported by the weight of authority in this country, which is persuasive in the absence of a conviction that the minority rule represents the better thought—we have no such conviction.

Finally, in connection with the first consideration stated above, the New Mexico cases have not passed on the specific point here involved; however, they do pass upon related questions; the principal ones are as follows: Territory ex rel. Curran v. Gutierrez, 1904, 12 N.M. 254, 78 P. 139, construed the words "or otherwise," which appear in Sec. 10–302, supra (only minor and irrelevant amendments have been made to the original act). The Court held that these words should not be construed ejusdem generis, but rather as extending the scope of the statute to include vacancies other than those created by death or resignation. Haymaker v. State ex rel. McCain, 1917, 22 N.M. 400, 163 P. 248, 250, L.R.A. 1917D, 210, referring to Sec. 10–301 supra, states: "The section can be said only to define vacancies in office." Bowman Bank & Trust Co. v. Bank, 1914, 18 N.M. 589, 139 P. 148, 153, construed the meaning of the phrase "until his successor is elected and qualified," as used in another statute. The gist of this decision is that the words are to be read literally to mean "election" and "qualification."

Territory ex rel. Klock v. Mann, 1911, 16 N.M. 744, 120 P. 313, 315, discussing the statutory phrase "until his successor is elected and qualified," as used in different statutes, states that:

" * * * Where provision is made by statute for an officer to hold over until his successor is duly elected and qualified, the holdover is regarded as in all respects a de jure officer, and the expiration of his term does not produce a vacancy which may be filled by the authority having the power to fill vacancies. (Citing authorities.) In People [ex rel. Melony] v. Whitman, 10 Cal. 38, it was held that, 'The term of the office is fixed at two years certain, with a contingent extension. When this contingency happens, this extension is as much a part of the entire term as any portion of the two years.' In State ex rel. Carson v. Harrison, cited supra, 113 Ind. [434] at page 489, 16 N.E. [384] at page 386, the court in discussing the meaning of the word 'vacancy,' uses the following language: 'The word "vacancy," as applied to an office has no technical meaning. An office is not vacant, so long as it is supplied in the manner

provided by the constitution, or law, with an incumbent who is legally qualified to exercise the power and perform the duties which pertain to it; and, conversely, it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event.' "

The conclusion reached in this decision leaves subsection 3 of Sec. 10–301, supra, operative and applicable to many cases which may arise in the future. By this decision, however, its applicability is limited by the rule, "that an appointee incumbent cannot be displaced by another appointee."

This Court holds that no vacancy existed for the appointment of plaintiff as county clerk; therefore, the judgment of the trial court is affirmed.

It is so ordered.

SADLER, C. J., and COMPTON and LUJAN, JJ., concur.

McGHEE, J., not participating.