528 P.2d 209

**STATE of New Mexico ex rel. Joyce B. WALKER, Plaintiff-Appellant,**

v.

**Bernice E. DILLEY, Defendant-Appellee.**

**No. 10047.**

Supreme Court of New Mexico.

Nov. 22, 1974.

---

Donald Brown, Paul R. Dillard, Roswell, for plaintiff-appellant.

J. Lee Cathey, Carlsbad, for defendant-appellee.

## OPINION

MONTOYA, Justice.

This is an appeal from an unsuccessful quo warranto action brought in the District Court of Chaves County by plaintiff Joyce B. Walker.

In the general election of November 1972, Earlene D. Smith was elected to the office of County Clerk of Chaves County. Her term of office began on January 1, 1973, after she had qualified for office and furnished the proper bond. She remained in office until February 22, 1974, when she tendered her written resignation to the Board of County Commissioners of Chaves County to become effective on March 1, 1974. At a special meeting held on Febru-ary 22, 1974, the commissioners voted to "appoint Joyce B. Walker as Acting County Clerk on a temporary basis until such time as a decision could be reached as to a permanent appointment." Plaintiff executed and filed her oath of office in the capacity of "Acting County Clerk," and the public official bond was amended to substitute the name of Joyce Walker for that of Earlene D. Smith.

On March 14, 1974, the Board of County Commissioners again met and appointed defendant Bernice E. Dilley to fill the unexpired term of Earlene D. Smith. Subsequently, plaintiff filed a complaint pursuant to §§ 22–15–1 et seq., N.M.S.A., 1953, to retain her right to hold office together with all its fees and emoluments and to recover damages, if any, against the defendant. Thereafter, on April 15, 1974, defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted, and plaintiff countered by filing a motion for summary judgment.

The district court, after hearing argument, entered its judgment on May 13, 1974, granting defendant's motion to dismiss. The court found and concluded that plaintiff was appointed as acting county clerk only "until such time as the Commissioners should decide to appoint a replacement;" that the commissioners' power of appointment had not been exercised and thus not exhausted; and that the defendant was in fact appointed county clerk to fill out the unexpired term of Earlene D. Smith. From this order plaintiff filed a timely notice of appeal on May 17, 1974.

Plaintiff's sole argument on appeal is that the commissioners' power to appoint, once exercised, is final, and they have no power to remove their appointee or to make another appointment unless and until another vacancy occurs. On the other hand, defendant contends that the county commissioners have the power to appoint an acting county clerk, and the appointment of Joyce Walker did not exhaust the county commissioners' power to appoint. We agree with plaintiff.

The pertinent statute in this appeal is § 5-3-2, N.M.S.A., 1953 (Repl. Vol. 2, Pt. 1, 1974), which states that:

"Whenever any vacancy in any county or precinct office in any of the counties of this state other than a vacancy in the office of county commissioner, shall occur by reason of death, resignation or otherwise it shall be the duty of the board of county commissioners of the county where such vacancy has occurred *to fill said vacancy by appointment and said appointee shall be entitled to hold said office until his successor shall be duly elected and qualified according to law.*" (Emphasis added.)

The statute states precisely what the duty is of the county commissioners regarding appointment to a vacancy and mentions nothing about appointing "acting" officials.

The decision in the case of State v. Herring, 57 N.M. 600, 261 P.2d 442 (1953), is controlling in this present controversy. That case involved an attempt by another Chaves County Board of Commissioners to declare the office of county clerk vacant, after they had appointed a replacement following the resignation of the incumbent, but before the beginning of a new term. The court quoted with approval Mechem on Public Offices, § 113 at 46 (1890) (57 N.M. at 607, 261 P.2d at 447):

" 'Sec. 113. Power once exercised is exhausted till Vacancy occurs.—Where power has been given to appoint to an office and the same has been exercised, any subsequent appointment to the same office will be void unless the prior incumbent has been removed or the office has otherwise become vacant.' "

The county commissioners had the power to appoint to an office under the specific direction of § 5-3-2, supra, and exercised that power by the appointment of Joyce Walker. But they exceeded their power when they attempted to appoint Bernice Dilley because, at that time, there was no vacancy in the office of county clerk. As was stated in State v. Harrison, 113 Ind. 434, 439, 16 N.E. 384, 386 (1888), and approved by the court in State v. Herring, supra:

" '* * *. An office is not vacant so long as it is supplied, in the manner provided by the constitution or law, with an incumbent who is legally qualified to exercise the power and perform the duties which pertain to it; * * *.' "

There is no disputing the fact that Joyce Walker was legally qualified to exercise the power and perform the duties of the office of county clerk. Defendant would have us take the position that, by appointing an acting county clerk, the commissioners had not yet filled the vacancy in the office of county clerk or exhausted their power of appointment to that office, and thus could appoint still another person. This position is untenable. It amounts to a circumvention of the statute, and it would allow the commissioners to appoint an indefinite number of "acting" county clerks. In the case of State v. Seitz, 161 Ohio St. 269, 274, 119 N.E.2d 47, 50 (1954), which involved an appointment to fill a vacancy in the office of Clerk of the Court of Common Pleas, but which is obviously relevant to the present fact situation, the court said:

"There is no provision in our statute for an interim appointment. Having made the appointment which filled the vacancy, the jurisdiction of the board was exhausted until another vacancy occurred. * * *"

It is irrelevant that Joyce Walker was designated as "Acting County Clerk" or that she filed her oath of office and bond as an "Acting County Clerk."

"* * * the appointment is for the full legal term, notwithstanding the appointing body's attempt to give it a different duration."

Newman v. Borough of Fair Lawn, Bergen County, 31 N.J. 279, 288, 157 A.2d 314, 319 (1960). Section 5-3-2, supra, is controlling. Plaintiff Joyce Walker was appointed to fill the vacancy, and she is thus

entitled to hold office until her successor shall be duly elected and qualified according to law, and the subsequent appointment of defendant was void.

In view of the foregoing, the decision of the trial court is reversed, and this cause is remanded to the trial court with direction to enter judgment in accordance with the views herein expressed.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.