{¶ 1} A combined complaint for writ of quo warranto and mandamus was filed herein on April 24, 2002, by a former Enoch Township Trustee to regain the seat declared vacant at a special meeting held on February 20, 2002. Named as Respondents are members of the Enoch Township Board of Trustees, the Clerk of Enoch Township Board of Trustees and the Noble County Board of Elections.
 {¶ 2} On June 3, 2002, the Board of Elections filed an answer and alleged that the complaint failed to state a claim upon which relief could be granted. On the following day the Township Board of Trustees and its clerk filed an answer and also asserted various defenses.
 {¶ 3} Following the filing of the deposition testimony of Relator, members of the Board of Trustees and its clerk on November 25, 2002, the Board of Trustees and its clerk filed a motion for summary judgment. Relator has not responded to the motion for summary judgment, nor filed his own motion in support of his complaint, as provided by Civ.R. 56.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment will be granted when relevant documents show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Yo-Can,Inc. v. The Yogurt Exchange, Inc. (2002), 149 Ohio App.3d 513, 517,2002-Ohio-5194 at ¶ 9. If a party desires to obtain summary judgment, the moving party must inform the court of the basis for the motion and identify those parts of the record that demonstrate a lack of a genuine issue of material fact for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(C) stipulates that, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any," are to be considered in the determination of a motion for summary judgment. Such evidence must be viewed in a light most favorable to the non-moving party. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511.
 {¶ 5} It may be gleaned from the record before this Court that Relator first began service as an Enoch Township Trustee in 1998. (Nau Depo., p. 17). Relator served a four-year term and was reelected to begin serving a second term commencing January 2, 2002. Relator attended the regular Trustees' meeting in January of 2002. He did not attend the regular meeting scheduled for February 10, 2002. It was at the February 10, 2002, meeting that the clerk advised the other trustees that Relator had not yet posted his bond or submitted his oath of office as required by law. (Schell Depo., pp. 11, 18; Hill Depo., p. 20). The trustees then scheduled a special meeting for February 20, 2002. Relator left the February 20, 2002, meeting after he was questioned as to why he had not turned in his oath of office and bond. (Hill Depo., p. 25). After Relator left the meeting, his office was declared vacant and discussions ensued as to a possible replacement being named. Respondent David A. Schott was appointed to the vacant position the following month. (Hill Depo., p. 35). It is further evident from the deposition that after the February 10, 2002, meeting the trustees sought the advice of the Noble County Prosecutor in this matter.
 {¶ 6} Subsequent to the February 20, 2002, special meeting Relator obtained a copy of his bond and had Common Pleas Judge John W. Nau administer the oath of office on February 21, 2002. (Nau Depo., Exh. 2). It is further evident on the record that the township clerk had paid the premium on the bond due sometime in early December, 2001, but that Relator neglected to present the original bond to the clerk for filing and failed to take his oath of office. Under law the clerk must file the bond and signed oath. Relator avers that when he first took office, the township clerk processed all the paperwork, including the oath and the bond and that all he provided was a signature. (Nau Depo., pp. 33-35). Countering Relator's argument is an affidavit of Christine Gerst, former township clerk, who testified that Relator's original oath was administered by County Court Judge Lucien C. Young and his bond was also approved by Judge Young. Attached to her affidavit are copies of the official bond and oath. As regards the oath and bond for his reelection, Relator admitted at page 53 of his deposition:
 {¶ 7} "Q. So there is no dispute that the bond was not filed and the oath was not taken by December 31st of 2001, correct?
 {¶ 8} "A. That's exactly right."
 {¶ 9} Relator further admitted that there was discussion at the December 29, 2001, meeting regarding the election of Joseph Hill and his having filed his bond and taken his oath. (Nau Depo., pp. 53-54).
 {¶ 10} There is no factual dispute that Relator failed to take his oath of office and file a copy of his bond with the Township Clerk until after the special meeting of February 20, 2002.
 {¶ 11} Quo warranto, "* * * is a high prerogative writ and is granted, as an extraordinary remedy, where the legal right to hold an office is successfully challenged." State ex rel. Gains v. Hill (Mar. 24, 1993), 7th Dist. No. 98 CA 12 quoting State ex. rel. Battin v. Bush
(1998), 40 Ohio St.3d 236, 238. Under R.C. 2733.06, "[a] person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs." For a writ of quo warranto to issue, a relator must prove: (1) that he is entitled to the office and (2) that the person presently holding the position is holding and exercising the office unlawfully. State ex rel. Randles v. Hill (1993), 66 Ohio St.3d 32,34.
 {¶ 12} In order to obtain a writ of mandamus a relator must demonstrate, "1) that he has a clear legal right to the relief prayed for, 2) that respondents are under a clear legal duty to perform the acts, and 3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42.
 {¶ 13} Applying the facts on record in this case to the legal principles governing extraordinary writs, we must determine whether Relator is entitled to the relief requested.
 {¶ 14} It is uncontroverted that Relator was duly elected in November, 2001, to his second term as Enoch Township Trustee, said term to begin January 2, 2002. The determinative question is whether he met all statutory requirements to lawfully assume the office to which he was reelected.
 {¶ 15} It is provided in R.C. 3.22 that, "[e]ach person chosen or appointed to an office under the constitution or law of this state, and each deputy or clerk of such officer, shall take an oath of office before entering upon the discharge of his duties."
 {¶ 16} Under R.C. 505.02, "[e]ach township trustee, before entering upon the discharge of his duty, shall give bond to the state for the use of the township, in the sum of one thousand dollars, conditioned for the faithful performance of his duty as trustee, with at least two sureties, Such bond shall be approved by a judge of the county court or judge of a municipal court having jurisdiction in the township."
 {¶ 17} While there is an Ohio Attorney General Opinion which states that a township trustee is not required to take the oath of office and provide a bond by the first day of January following his election, when his term of office begins, it is statutorily required that he do so before discharging the duties of his office. 1928 Ohio Atty.Gen.1579. In the case sub judice Relator attended the January 13, 2002, Trustees' meeting, voted as a Trustee, and otherwise engaged in his duties as a Township Trustee. (Schell Depo., at p. 10; Minutes of the January 13, 2002 meeting attached to the Respondents' Motion for Summary Judgment; Paragraph 8 of the Complaint).
 {¶ 18} R.C. 3.30 recites in its entirety: "[a] person elected or appointed to an office who is required by law to give a bond or security previous to the performance of the duties imposed on him by his office, who refused or neglects to give such bond or furnish such security within the time and in the manner prescribed by law, and in all respects to qualify himself for the performance of such duties, is deemed to have refused to accept the office to which he was elected or appointed. Such office shall be considered vacant and shall be filled as provided by law." See State ex rel. Kopp v. Blackburn (1937), 132 Ohio St. 421 for a discussion of relevant law under the predecessor General Code.
 {¶ 19} On review of all evidentiary material submitted with Respondents' Motion for Summary Judgment we find that there is no genuine issue of material fact and Respondents' motion is sustained. Relator neglected to take the oath of office or provide the bond required by law and his office was properly considered vacant due to his failure to timely comply with R.C. 3.22 and 505.02.
 {¶ 20} Relator has failed to demonstrate that he is lawfully entitled to hold a public office being held by another. Moreover, he has failed to demonstrate a clear legal right to the office of Enoch Township Trustee. To the contrary, the clear and convincing evidence demonstrates that Relator neglected to comply with statutory requirements before the discharge of his duties in that position. Therefore, by his lack of action, he forfeited his right to hold that office.
 {¶ 21} Complaint in quo warranto and mandamus is dismissed for lack of merit. Costs of this action taxed against Relator.
 {¶ 22} Final order. Clerk to serve notice on the parties as provided by the Civil Rules.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.